Citation Nr: 1313645 
Decision Date: 04/24/13 Archive Date: 05/03/13

DOCKET NO. 10-42 236 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUES

1. Entitlement to service connection for a back disability.

2. Entitlement to service connection for a right knee disability.


REPRESENTATION

Appellant represented by: Tennessee Department of Veterans' Affairs


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

A.E.H. Gibson, Associate Counsel

INTRODUCTION

The Veteran served on active duty from February 1, 1974 to December 10, 1974.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an October 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Nashville, Tennessee, that denied the above claims. 

In September 2011, the Veteran testified at a personal hearing, conducted via videoconferencing equipment, which was chaired by the undersigned Veterans Law Judge (VLJ). A transcript of the hearing has been associated with the Veteran's claims file.

A review of the Virtual VA paperless claims processing system does not reveal additional documents or records pertinent to this appeal.

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

Unfortunately, a remand is required in this case. Although the Board sincerely regrets the delay, the additional development requested will ensure procedural due process and that there is a complete record upon which to decide the Veteran's claims so that he is afforded every possible consideration. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159.

The Veteran has not been afforded a VA examination for his back. VA's duty to assist claimants in substantiating their claims may include providing a medical examination or obtaining a medical opinion when such is necessary to make a decision on the claim. See 38 U.S.C.A. § 5103A(d) (2) (West 2002); 38 C.F.R. §§ 3.159(c)(4), 3.326(a) (2012). In McLendon v. Nicholson, 20 Vet. App. 79, 83 (2006), the Court held that an examination is required when there is (1) evidence of a current disability or persistent or recurrent symptoms of a disability; (2) evidence establishing an "in-service event, injury, or disease," or a disease, manifested in accordance with presumptive service connection regulations, occurred that would support incurrence or aggravation; (3) an indication that the current disability may be related to the in-service event; and, (4) insufficient evidence to decide the case. The evidentiary requirement for element (3) is low. Id. When determining whether a VA examination and opinion are required under 38 U.S.C. § 5103A(d)(2), the law requires competent evidence of a disability or persistent or recurrent symptoms of a disability, but does not require competent evidence of a nexus, only that the evidence suggest an association between the disability and service or a service-connected disability. Waters v. Shinseki, 601 F.3d 1274 (Fed. Cir. 2010).

Here, the evidence shows the Veteran has had chronic back pain that his been treated for many years. See, e.g., Dr. Thomas C. Prince letter dated November 20, 2009. He testified that he was involved in a motor vehicle accident in service that injured his back. See Hearing transcript page 9, Service treatment records (STRs) from June 1974. Following the accident, he complained of low back and neck pain. See STRs from June 1974. The Veteran also testified that he did heavy lifting in service which caused back problems. See STR, dated in November 1974. The Veteran does not have a current diagnosis regarding his back pain, but he has shown that he has persistent or recurrent symptoms of a disability, which may be related to an accident in service. Accordingly, he should be provided a VA examination to assess the nature of his back disability.

In that regard, the Veteran's records from the Mountain Home VA medical center (VAMC) indicate his back was X-rayed in August 2010. See VA treatment record dated August 25, 2010. A copy of that X-ray report is not included in the claims file. He had an MRI on his lower back in January 2008, which showed disk protrusions in the lumbar spine. See VA medical record dated August 31, 2010.

Similarly, in relation to the Veteran's right knee claim, one of the his VA physicians planned to have his right knee X-rayed in May 2009. If it was, the results are not contained in the claims file. See VA treatment record dated May 21, 2009. Further, the Veteran's right knee was treated by a fee-based orthopedist, including the provision of a total knee arthroplasty in 2009. See Hearing transcript page 7; VA treatment record dated October 28, 2009. The file does not contain any records from the fee-based orthopedist, potentially associated with Blount Orthopedics, and should be obtained and associated with the file. The Veteran testified that the doctor who performed his 2009 arthroplasty, Dr. Johnson, found an "old ACL tear" during the surgery, see Hearing transcript page 7, thus the records from Blount Orthopedics and Dr. Johnson, if they are not affiliated, need to be obtained and associated with the claims file.

The Veteran testified that he receives disability benefits from the Social Security Administration (SSA) because of his back and right knee, and that he was receiving, at the time of the hearing, treatment at the Mountain Home and Johnson City VA treatment facilities. See Hearing transcript pages 12-13. He had indicated he would submit copies of the SSA records himself, but he never did. Nonetheless, VA has the duty to assist claimants in obtaining records from Federal agencies, which includes SSA and VA medical centers. See 38 U.S.C.A. § 5103A (West 2002). Efforts need to be made to obtain these records. 

Finally, there are statements from Thomas C. Prince, Jr. M.D. associated with the claims folder indicating that he had been treating the Veteran for approximately 30 years; however, his actual treatment records of the Veteran have not been obtained. On remand, Dr. Prince's complete treatment records should be obtained. Treatment records from Fort Sanders Orthopaedic Clinic, dated from December 1974 to May 1980, should also be obtained.

Accordingly, the case is REMANDED for the following action:

1. Make arrangements to obtain copies of the Veteran's complete treatment records from the Mountain Home and Johnson City VA treatment facilities, including updated treatment records dated since August 2010, and any X-ray or bone scan reports pertaining to the right knee or back. Efforts to obtain these records should be memorialized in the Veteran's claims file.

2. Make arrangements to obtain the Veteran's complete treatment records from Blount Orthopedics and Dr. Johnson, who was mentioned in the hearing as performing surgery on the Veteran's right knee in 2009. 

3. Make arrangements to obtain the Veteran's complete treatment records from Thomas C. Prince, Jr. M.D., dated since December 1974. Actual treatment records, as opposed to summaries, should be requested.

4. Make arrangements to obtain the Veteran's complete treatment records from Fort Sanders Orthopaedic Clinic, dated from December 1974 to May 1980.

5. Request from the SSA complete copies of any disability determination(s) it has made concerning the Veteran and copies of the medical records that served as the basis for any such decision(s). If these records are not available, a negative reply is required.

6. When the above has been accomplished, schedule the Veteran for a VA spine examination. All appropriate diagnostic testing and evaluation should be conducted. 

The examiner is asked to review the claims file, including the Veteran's service treatment records, in conjunction with the examination. The Veteran's lay statements regarding his medical history should be considered and discussed. 

The examiner should identify all current low back disorders found to be present.

The examiner should provide an opinion as to whether it is at least as likely as not (50% or greater probability) that any current low back disorder had its clinical onset during active service or is related to any in-service disease, event, or injury, to include the automobile accident in June 1974 and/or heavy lifting during service. See June and November 1974 service treatment records.

The examiner is asked to provide a comprehensive report including complete explanatory rationales for all opinions and conclusions reached.

7. Upon completion of the above, review the claims file to ensure that the foregoing requested development has been completed. In particular, review the VA examination report to ensure that is responsive to and in compliance with the directives of this remand, and if not, implement corrective procedures. See Stegall v. West, 11 Vet. App. 268 (1998).
 
8. Finally, readjudicate these claims on appeal. If the claims remain denied, provide the Veteran and his representative with a supplemental statement of the case and allow an appropriate time for response.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2012).



_________________________________________________
P.M. DILORENZO
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2012).