# United States Court of Appeals for the Federal Circuit

2009-7071


GEORGE WATERS,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.


Sean A. Ravin, Attorney at Law, of Washington, DC, argued for claimant-appellant.

Scott D. Austin, Senior Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Dana Raffaelli, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Donald L. Ivers

# United States Court of Appeals for the Federal Circuit

2009-7071

GEORGE WATERS

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 07-0822, Judge Donald L. Ivers.

_____

DECIDED:   April 6, 2010

_____

Before NEWMAN, FRIEDMAN, and DYK, Circuit Judges.

FRIEDMAN, Circuit Judge.

The question in this appeal is whether the Department of Veterans Affairs ("Department") justifiably refused to give the appellant George Waters a medical examination to aid it in determining whether his medical disability during military service had a causal relationship to the different medical disabilities he suffered after his service.  The United States Court of Appeals for Veterans Affairs ("Veterans Court"), upheld the Department's action, and we affirm.

I

While serving on active duty, Waters was diagnosed with paranoid schizophrenia, which existed prior to his enlistment but was aggravated during his

service, and he was medically discharged in May 1972. In December 1972, the Department granted service connection and compensation for that condition but, in 1976, the Department found that his condition had sufficiently improved such that he was no longer entitled to disability payments.

After Waters was diagnosed some years later with hypertension, depression, and diabetes mellitus, he filed claims with the Department for service connection and compensation for those conditions. He contended that his diabetes mellitus and hypertension were secondary to his in-service schizophrenia, alleging that the antipsychotic drugs administered to him during service caused these conditions; and that his depression was secondary to his diabetes. He stated that he served in Vietnam and that his exposure to the herbicide Agent Orange while there caused his diabetes.

The Department, in a regional office's decision, denied all of Waters' claims. It found that there was insufficient evidence to show a connection between schizophrenia and diabetes or hypertension; and that Waters' service records indicated that he had not served in Vietnam and had not been exposed to herbicides during his service. The Department's Board of Veterans' Appeals ("Board") upheld those rulings, concluding that "there is no competent medical evidence or record showing a nexus between the veteran's military service" and his conditions.

In his appeal to the Veterans Court, Waters primarily contended that the Department had not adequately assisted him in developing his claims because it had not provided him with a medical examination. That court held that Waters had not made a sufficient showing to entitle him to a medical examination. The Veterans Court stated that "[t]he Board correctly noted that where the determinative issue involves medical

causation . . . lay assertions of medical status do not constitute medical evidence" sufficient to require such an examination.

The only issue Waters raises in his appeal to this court is his alleged entitlement to a physical examination. He contends that the Board and the Veterans Court misinterpreted the governing statute and applied an incorrect and prejudicial evidentiary standard in denying his claim.

II

The government urges us to dismiss this appeal, on the ground that it raises only factual issues, which we have no jurisdiction to review. Unless an appeal from the Veterans Court "presents a constitutional issue," this court "may not review . . . a challenge to a factual determination, or . . . a challenge to a law or regulation applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). We may, however, review a decision of the Veterans Court "with respect to the validity of a decision of the [Veterans Court] on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the [Veterans Court] in making the decision." 38 U.S.C. § 7292(a).

The government argues that the issues Waters raises "involve only the Veterans Court's factual determinations and application of law to the facts of this particular case." As explained in part III below, however, Waters contends that, in denying him a medical examination, the Department misinterpreted and misapplied the governing statutory provisions. That is precisely the kind of legal issue this court has jurisdiction to review. See, e.g., Willsey v. Peake, 535 F.3d 1368, 1370–73 (Fed. Cir. 2008) (holding that a case in which the Veterans Court fails to apply the correct legal test presents "a prima

facie legal claim and provides grounds for this Court to take jurisdiction over [it]."). We have jurisdiction over Waters' appeal with respect to the legal issues he raises.

III

Section 5103A of Title 38 of the United States Code, captioned "DUTY TO ASSIST," states: "(1) The Secretary shall make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claimant's claim for a benefit under a law administered by the Secretary." The statute further provides that in

> a claim for disability compensation, the assistance provided by the Secretary under subsection (a) shall include providing a medical examination or obtaining a medical opinion when such an examination or opinion is necessary to make a decision on the claim.

38 U.S.C. § 5103A(d)(1).

The statute states that the Secretary

> Shall treat an examination or opinion as being necessary to make a decision on a claim for purposes of paragraph (1) if the evidence of record before the Secretary, taking into consideration all information and lay or medical evidence (including statements of the claimant)—

> (A) contains competent evidence that the claimant has a current disability, or persistent or recurrent symptoms of disability; and

> (B) indicates that the disability or symptoms may be associated with the claimant's active military, naval, or air service; but

> (C) does not contain sufficient medical evidence for the Secretary to make a decision on the claim.

38 U.S.C. § 5103A(d)(2).

These subsections thus provide three guidelines for determining whether a medical examination or opinion is necessary for the Secretary "to make a decision in a

claim." Subsections A and B address, respectively, the evidence necessary to establish the veteran's present disability and its connection to his military service. Subsection C relates to the evidence the Secretary requires to decide these issues. Such an examination or opinion is necessary if the evidence before the Secretary contains "competent evidence" of the "claimant's disability" (subsection A) and "indicates" that the disability "may be associated with" the claimant's active military service (subsection B), but does not contain "sufficient medical evidence" for the Secretary to make a decision (subsection C). Since these three subsections of the same statutory provision contain different evidentiary standards—"competent evidence," "evidence . . . . indicat[ing]," and "medical evidence"—it would seem that Congress intended them to provide for separate, although perhaps related, evidentiary guidelines. See, e.g., Russello v. United States, 464 U.S. 16, 23 (1983).

The Board found that there was "no competent evidence of a nexus" between each of Waters' current maladies and his active military service. It repeated this conclusion in almost identical language in its opinion, again stating that "there is no competent medical evidence or record" showing the necessary nexus. This finding of a lack of "competent" evidence appears to apply the standard of subsection A above, which deals with the veteran's current disability, rather than the apparently less-demanding standard in subsection B of "evidence" that "indicates" that the veteran's disability "may be associated" with the veteran's active military service.

Waters contends that the Board thus improperly applied the stricter standard of subsection A in making its nexus determination under subsection B. Waters further contends that the Veterans Court perpetuated that error when it upheld the Board's

finding that "a remand for such [medical] opinions was not required due to the absence of competent medical evidence showing a nexus between the appellant's claimed condition and service or his service-connected disability."

The Board's reference to "competent" evidence relating to the nexus between Waters' current disabilities and his in-service schizophrenia was unfortunate and ill-advised. The Board appeared to use the evidentiary standard in subsection A in applying subsection B and thus subjecting the veteran to a more onerous standard of proof than the statute provides. See 38 U.S.C. § 5107(b). All the Board needed to have said was that the record before it did not indicate that Waters' current disabilities had a causal connection or were associated with his active military service.

But, however one views the Board's apparent interpretation and application of subparagraph B, the Veterans Court found that "[t]he record in the instant case is devoid of any evidence that the appellant's diabetes mellitus, hypertension, or depression were caused or aggravated by his schizophrenia other than the appellant's own statements suggesting that such a link exists." We cannot review this factual determination. Since Waters has not shown any factual basis for his claim, any possible error by the Board in using the wrong standard under subsection B could not have prejudiced Waters.

In making its "determinations . . . the [Veterans] Court shall take due account of the rule of prejudicial error." 39 U.S.C. § 7261(b)(2). This provision "requires the Veterans Court to apply the same kind of 'harmless-error' rule that courts ordinarily apply in civil cases." Shinseki v. Sanders, 556 U.S. ----, 129 S.Ct. 1696, 1704 (2009); see also Szemrai v. Principi, 357 F.3d 1370, 1375–76 (Fed. Cir. 2004).

2009-7071                                            6

Before the Veterans Court, Waters had the burden of showing that "an[y] error [by the Board was] harmful." Id. He has not done so.

Waters there asserted two grounds to support his claim of a nexus between his military illness and his present medical problems. First, he stated that he had been given medication during his service that caused his hypertension.

The Veterans Court stated that the Board found "that there was no competent medical evidence suggesting a link between any of the claimed disabilities and the appellant's service-connected schizophrenia," and that the "Board also correctly noted that '[w]here the determinative issue involves medical causation . . . lay assertions of medical status do not constitute competent medical evidence" pursuant to Grottveit v. Brown, 5 Vet. App. 91, 93 (1993), and Espiritu v. Derwinski, 2 Vet. App. 492, 494 (1992). R. at 3. The court approved the Board's "express[ ] find[ing] that a remand for such [medical] opinions was not required due to the absence of competent medical evidence showing a nexus between the appellant's claimed condition and service or his service-connected disability."

We interpret those statements by the Veterans Court as a ruling that, in the absence of any medical evidence, Waters' own conclusory statements regarding causation were insufficient to establish the necessary nexus between his in-service schizophrenia and his present ailments. To interpret those statements, as Waters apparently does, as holding that establishing such a nexus necessarily requires medical evidence would be inconsistent with Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). There this court rejected as "too broad" the Veterans Court's "conclusion . . . that 'competent medical evidence is required . . . [when] the determinative issue

involves either medical etiology or a medical diagnosis.'" Id. The Department must consider lay evidence, but may give it whatever weight it concludes the evidence is entitled to.

Second, Waters contended that his service records had been falsified to conceal his service in Vietnam during which he allegedly had been exposed to the herbicide Agent Orange, which he alleged caused his diabetes. He presented no factual basis for this claim of falsification. The Board rejected it, based on his service record that did not show service in Vietnam. It ruled that he had not shown a nexus between his service schizophrenia and his current diabetes. We have no jurisdiction to review this factual determination.

At oral argument Waters contended that his conclusory generalized statement that his service illness caused his present medical problems was enough to entitle him to a medical examination under the standard of subsection B. Since all veterans could make such a statement, this theory would eliminate the carefully drafted statutory standards governing the provision of medical examinations and require the Secretary to provide such examinations as a matter of course in virtually every veteran's disability case. If Congress had intended that requirement, presumably it would have explicitly so provided. We reject Waters' theory that medical examinations are to be routinely and virtually automatically provided to all veterans in disability cases involving nexus issues.

CONCLUSION

The judgment of the Veterans Court dismissing Waters' action is

AFFIRMED.