NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GEORGE E. JOHNSON,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2010-7060

---

Appeal from the United States Court of Appeals for Veterans Claims in
case no. 08-2809, Judge Alan G. Lance, Sr.

---

Decided: June 10, 2010

---

GEORGE E. JOHNSON, of Little Rock, Arkansas, pro se.

ANUJ VOHRA, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN

F. HOCKEY, JR., Assistant Director. Of counsel on the brief was DAVID J. BARRANS, Deputy Assistant General Counsel, United States Department of Veterans Affairs, of Washington, DC.

_____

Before RADER, *Chief Judge*, BRYSON, and DYK, *Circuit Judges*.

PER CURIAM.

George E. Johnson ("Johnson") appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming a decision of the Board of Veterans' Appeals ("Board"). The Board denied Johnson's claim for service connection. We *affirm-in-part, vacate-in-part*, and *remand*.

BACKGROUND

While Johnson raised several claims before the Department of Veterans Affairs ("VA"), he raises only a single claim on appeal. We limit the description of the background facts to this one claim.

Johnson underwent surgery on his left knee when he was twelve years old. Residual effects from that surgery persisted throughout his adulthood and were noted upon his entry into service with the United States Army. Johnson served on active duty in the Army from September 1982 to February 1983, and then in the Army National Guard Reserves for more than nine years. On December 27, 1990, Johnson was involved in a motor vehicle accident during a period when he was not performing duties for the Army National Guard Reserves. He injured his neck, back, left knee, and left ankle.

Johnson received workers' compensation benefits for his injuries from that accident.

Two days after Johnson was involved in the motor vehicle accident, Johnson performed a single day of inactive duty for training ("INACDUTRA") on December 29, 1990. Johnson asserts that his one day of INACDUTRA aggravated the injuries he sustained in the December 27, 1990, car accident. In January of 2001, Johnson filed a claim for disability compensation with the VA based on this alleged aggravation of his injuries from the motor vehicle accident by his one day of INACDUTRA, as well as several other unrelated injuries and conditions. The VA denied his claim.

Following a remand by the Veterans Court, the Board issued a decision on August 21, 2008. It ruled that Johnson was not entitled to service connection for his claimed disabilities, and that a medical examination would not be ordered pursuant to 38 C.F.R. § 3.159(c)(4). That provision provides:

> A medical examination or medical opinion is necessary if the information and evidence of record does not contain sufficient competent medical evidence to decide the claim, but:
>
> (A) Contains competent lay or medical evidence of a current diagnosed disability or persistent or recurrent symptoms of disability;
>
> (B) Establishes that the veteran suffered an event, injury or disease in service, or

has a disease or symptoms of a disease listed in § 3.309, § 3.313, § 3.316, and § 3.317 manifesting during an applicable presumptive period provided the claimant has the required service or triggering event to qualify for that presumption; and

(C) Indicates that the claimed disability or symptoms may be associated with the established event, injury, or disease in service or with another service-connected disability.

38 C.F.R. § 3.159(c)(4)(i).

The Board based its decision upon a review of the medical evidence in the record, including a July 1982 orthopedic consultation report, medical examination reports from March of 1986 and April of 1980, a December 1990 report from Johnson's primary care physician, a January 1992 letter from his primary care physician, a January 1991 report pursuant to the Troop Medical clinic evaluation, an April 1991 letter from Johnson's orthopedic surgeon, and a number of other medical records. The Board further considered the testimony of Johnson's wife and noted that she was competent to provide a relevant medical opinion due to the fact that she was a registered nurse. However, the Board refused to consider Johnson's own testimony regarding the continuity of his injuries, and his belief that they were aggravated by his one day of INACDUTRA. The Board stated that Johnson "is not a medical professional, and therefore his beliefs and statements about medical matters do not constitute competent evidence on matters of medical etiology or diagnosis and

absent a professional medical opinion linking a current disorder to service, service connection cannot be granted." App. 33. The Board concluded that the competent medical evidence did not establish that any of Johnson's disorders or injuries were aggravated by his one day of INACDUTRA.

Johnson appealed the Board decision to the Veterans Court. The Veterans Court affirmed the decision of the Board on November 13, 2009. *Johnson v. Shinseki*, No. 08-2809, 2009 WL 3784953 (Vet. App. Nov. 13, 2009). The Veterans Court held that the Board had not erred in finding that the evidence in the record did not support Johnson's claims that his one day of INACDUTRA aggravated either his pre-existing knee condition or the injuries he suffered in his December 1990 car accident. The Veterans Court also rejected Johnson's contention that the Board ignored his wife's testimony. The Veterans Court noted that the Board did consider her testimony but simply found the other medical evidence in the record to be more probative. The Veterans Court did not address whether the Board erred in refusing to consider Johnson's own lay testimony.[1] The Veterans Court also ruled that the Board did not err in refusing to order a further medical examination.

Johnson timely appealed to this court.

---

[1] Before the Veterans Court, Johnson specifically referenced his brief in his prior appeal to the Veterans Court. That brief raised the issue of the Board's failure to consider Johnson's lay testimony.

DISCUSSION

This court's jurisdiction to review decisions by the Veterans Court is limited. We "have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof [by the Veterans Court] . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). We lack the jurisdiction to review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

Johnson argues that the Veterans Court erred as a matter of law when it failed to consider his lay evidence in deciding the issue of service connection and the question of whether he was entitled to a medical examination. Specifically, Johnson contends that "the Board erred as a matter of law by finding [his] statements concerning the continuity of [his] symptoms had to be 'backed up' by medical evidence." Claimant-Appellant's Br., attachment item no. 4. Johnson also asserts that the Veterans Court erred by affirming the Board's determination that Johnson's wife did not qualify as a "medical expert" and by finding that the opinion of Johnson's wife was insufficient to establish his claim. Claimant-Appellant's Br., attachment items nos. 2-5; Reply Br. of Claimant-Appellant 2-3. The government responds that Johnson's appeal concerns purely factual issues beyond our jurisdiction. The government further asserts that, jurisdictional considerations aside, "there was an abundance of medical evidence upon which the Board relied in reaching its decision on Mr. Johnson's claim, including the testimony offered by Mr. Johnson's wife, which the Board recognized constituted competent medical evidence." Respondent-Appellee's Br. at 9.

We conclude we have jurisdiction over Johnson's appeal with respect to the legal issues he raises. Johnson contends that the Veterans Court, in denying service connection and in denying Johnson a medical examination, misinterpreted and misapplied the governing statutory provisions. This is the type of legal issue we have jurisdiction to review. *See Waters v. Shinseki*, 601 F.3d 1274, 1276 (Fed. Cir. 2010).

As an initial matter, we hold that the Veterans Court did not err in affirming the Board's determination regarding the opinion of Johnson's wife. The Veterans Court properly concluded that the Board did in fact consider the opinion of Johnson's wife regarding Johnson's conditions but "merely found her opinion to be less probative than the other medical evidence of record, a determination that is well within the Board's purview." *Johnson*, 2009 WL 3784953, slip op. at *3.

We reach a different result with regard to Johnson's testimony about his injuries that were allegedly aggravated by his one day of INACDUTRA. The Veterans Court did not explain why the Board's treatment of Johnson's testimony was appropriate. The language in the Board's opinion suggests it did not regard Johnson's testimony as competent. Indeed, the Board stated that Johnson "is not a medical professional, and therefore his beliefs and statements about medical matters do not constitute competent evidence on matters of medical etiology or diagnosis and absent a professional medical opinion linking a current disorder to service, service connection cannot be granted." App. 33. The Veterans Court appears to have recognized that the correct standard for the consideration of lay evidence under *Jandreau v. Nicholson*, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007), is that "[l]ay evidence can be competent and sufficient to

establish a diagnosis when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional." *See Johnson*, 2009 WL 3784953, slip op. at \*2 (quoting the first prong of the *Jandreau* framework). We recently held in *Colantonio v. Shinseki*, No. 2009-7067, 2010 WL 2163002 (Fed. Cir. June 1, 2010), and in *Waters*, 601 F.3d at 1278, that the Board errs when it suggests that lay evidence can never be sufficient to satisfy the requirement of 38 U.S.C. § 5103A(d)(2)(B) that there be a nexus between military service and a claimed condition. Here, the Veterans Court did not address the question of whether the Board in this case departed from the correct standard with regard to Johnson's lay testimony both in connection with the ultimate question of service connection and the question of whether a further medical examination should be ordered.

We therefore affirm-in-part, vacate-in-part, and remand for the Veterans Court to address whether the Board erred by disregarding Johnson's lay testimony.

## AFFIRMED-IN-PART, VACATED-IN-PART, and REMANDED

### COSTS

No costs.