NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GERALD O'DANIELS,**

*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee.*

---

2011-7110

---

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 09-4108, Judge Alan G. Lance, Sr.

---

Decided: October 12, 2011

---

GERALD O'DANIELS, of Winter Haven, Florida, pro se.

CHRISTOPHER L. KRAFCHEK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN J. GILLINGHAM, Assistant Director. Of

counsel on the brief was DAVID J. BARRANS, Deputy Assistant General Counsel, United States Department of Veterans Affairs, of Washington, DC.

———————————————

Before LOURIE, BRYSON, and REYNA, *Circuit Judges*.

PER CURIAM.

Gerald O'Daniels appeals from the decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court") affirming the denial by the Board of Veterans' Appeals ("the Board") of his claim for entitlement to benefits based on a lumbar spine disability and a disability characterized by a loss of concentration from an overdose of prescription medication while he was in service. *O'Daniels v. Shinseki*, No. 09-4108, 2011 WL 463217 (Vet. App. Feb. 9, 2011) ("*Veterans Court Op.*"). Because we conclude that O'Daniels' challenges are outside the scope of our jurisdiction, we dismiss.

O'Daniels served on active duty from August 3, 1976 to August 20, 1976. On August 11, 1976, after a second episode of fainting spells followed by an inability to move his extremities over a two- or three-day period, O'Daniels received a psychiatric evaluation. The evaluation noted that O'Daniels recovered movement of his extremities once he was removed from the "stressful situation" of military training and recommended administrative separation. Based on this evaluation, O'Daniels was honorably discharged from service.

In November 2004, O'Daniels filed a claim for compensation for a back condition and a disability characterized by a loss of concentration due to an overdose of medication. This claim was denied in March 2005 by a VA Regional Office and again in February 2006 on *de novo* review by a VA Decision Review Officer. O'Daniels

then testified before the Regional Office on May 30, 2006. After considering O'Daniels' testimony and additional evidence, the VA Regional Office again denied his claim in February 2007. After hearing additional testimony from O'Daniels in February 2009, the Board agreed, denying his claim.

During his May 2006 testimony, O'Daniels claimed that the back condition occurred as a result of falling over a bench while in service. Later, during his February 2009 testimony, he testified that he fell off a ladder. He also testified that his problems with loss of concentration were a result of taking Darvon™, a pain killer, prescribed on base for the treatment of this back injury. He further stated that he was administratively discharged because of this back disorder.

Both the Board and the Regional Office concluded that O'Daniels' testimony regarding his back injury and the loss of concentration claims was not credible due to inconsistencies in his medical history. They noted that there was no evidence from O'Daniels' service medical record of any back injuries, prescriptions for pain medications, or overdose. Instead, his post-service medical records attribute his back problems to a childhood automobile accident. The Board also noted that O'Daniels was awarded Supplemental Security Income from the Social Security Administration in 1998 for an injury to his back while working in the construction industry in May 1977. The Board made factual determinations that the lumbar spine disability and the disability characterized by loss of concentration were not exhibited in service and not otherwise related to active service. The Board also held that the VA had satisfied its duty to assist O'Daniels in developing his claim and that a medical examination was not necessary under the facts of this case because there was

no reasonable possibility it would aid in substantiating his claim.

O'Daniels appealed to the Veterans Court, arguing that the Board erred by: (1) finding his testimony was not credible because it was inconsistent with his medical records; (2) finding that no medical examination was needed; and (3) failing to discuss all theories of entitlement raised by his testimony. *See Veterans Court Op.*, at *2. The Veterans Court affirmed the Board's findings that O'Daniels' testimony was inconsistent and not credible. Because no other evidence supported his claims, the Veterans Court also affirmed that the Board did not err in finding that a medical examination was unnecessary or in failing to explicitly discuss all theories raised by his testimony. *Id.* O'Daniels then timely appealed.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. 38 U.S.C. § 7292. We "have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof [by the Veterans Court] . . . , and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." *Id.* § 7292(c). We may not, however, absent a constitutional challenge, "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2). In other words, we generally lack jurisdiction to review challenges to the Board's factual determinations. *See, e.g., Johnson v. Derwinski*, 949 F.2d 394, 395 (Fed. Cir. 1991).

On appeal, O'Daniels argues that the Veterans Court made no attempt to discern whether he was telling the truth. He also asserts that there was a cover-up and that he was told that all the evidence regarding his case had

been destroyed. O'Daniels contends that the Veterans Court erred by failing to adequately discuss each theory of entitlement raised by his testimony in that he faults the Veterans Court for not addressing his overdose of Darvon™. In addition, O'Daniels also claims he was entitled to a medical examination and lie detector test to determine the truth of his claims and testimony. O'Daniels concedes that the Veterans Court's decision did not involve the validity or interpretation of a statute or regulation and did not decide a constitutional issue.

The government responds that we lack jurisdiction to review the Veterans Court's decision in this case because O'Daniels simply reargues factual issues and challenges the adequacy of the Veterans Court's reasons or bases for its decision. The government also contends that O'Daniels did not identify any error in the Veterans Court decision.

We agree with the government that we lack jurisdiction. The Board and the Veterans Court weighed and considered O'Daniels' testimony and his credibility in light of his prior medical history as required by the statute. O'Daniels testified in 2006 that while in service he was prescribed and overdosed on Darvon™ for pain due to a back injury that occurred as a result of falling over a bench and later claimed that it occurred as a result of falling off a ladder. Both the Board and the Regional Office noted that there was no evidence from O'Daniels' service medical record of any back injuries, prescriptions for pain medications, or overdose. Instead, his testimony was contradicted by his post-service medical records and statements to the Social Security Administration that attribute his back problems to a childhood automobile accident and injury while working in construction in May 1977. As credibility is a factual finding, the Veterans Court's affirmance of the Board's determination regarding

O'Daniels' credibility is not subject to review by this Court, and thus we lack jurisdiction over O'Daniels' claims regarding credibility and his request for a lie detector test. *Gardin v. Shinseki*, 613 F.3d 1374, 1380 (Fed. Cir. 2010) ("Whether the Veteran's Court was correct in affirming the board's credibility determination is a question of fact beyond this court's jurisdiction."); *see Maxson v. Gober*, 230 F.3d 1330, 1332 (Fed. Cir. 2000) ("The weighing of . . . evidence is not within our appellate jurisdiction.").

As for O'Daniels' request for a medical examination, O'Daniels in essence argues that the government did not adequately assist him in developing his claims because it had not provided him with a medical examination under 38 U.S.C. § 5103A. In prior cases, we have rejected the assertion that veterans are automatically entitled to a medical examination by simply asserting a claim. *Waters v. Shinseki*, 601 F.3d 1274, 1278-79 (Fed. Cir. 2010). Instead, section 5103A states that the VA's duty to provide a medical opinion applies only when such an examination is "necessary to a decision on the claim," but that there is no duty to do so if "no reasonable possibility exists that such assistance would aid in substantiating the claim." 38 U.S.C. § 5103A(a)(2), (d)(1). The Board made factual determinations that the lumbar spine disability and the disability characterized by loss of concentration were not exhibited in service and not otherwise related to active service. The Veterans Court affirmed this factual finding. *Veterans Court Op.*, at *1. Under section 5103A, the Veterans Court affirmed the Board's finding that there was no reasonable possibility that a medical examination would aid in substantiating the claim. *Veterans Court Op.*, at *2 ("[T]here was no factual basis to require further development of his claim or further discussion by the Board.") The statutory limitations on our jurisdiction

preclude us from reviewing such an application of law to fact as well as the related factual findings.

O'Daniels contends that the Veterans Court also erred by failing to adequately discuss each theory of entitlement raised by his testimony, namely, that the Veterans Court failed to address his overdose on Darvon™. However, the Veterans Court did address his disability claim relating to the prescription medication, finding no evidence in the record of an overdose on pain medication. *Veterans Court Op.*, at *1. We likewise cannot review that factual finding.

We have considered O'Daniels' remaining arguments and do not find them persuasive. The Board's findings of fact, affirmed by the Veterans Court, are not subject to our review. O'Daniels' challenges on appeal therefore do not fall within the scope of 38 U.S.C. § 7292. Accordingly, we dismiss O'Daniels' appeal for lack of jurisdiction.

## DISMISSED

### COSTS

No costs.