REYNA, Circuit Judge,
dissenting.
The majority finds subject matter jurisdiction over this appeal based on an apparent concession from the government where it “recognized our jurisdiction” at oral argument. I disagree on this informal granting of jurisdiction. It is well recognized that “no action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant.... ” Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee, 456 *1011 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982); see also Cromer v. Nicholson, 455 F.3d 1346, 1348 (Fed.Cir.2006) (recognizing that even if neither party disputes this court’s subject matter jurisdiction un-, der 38 U.S.C. § 7292, we are obligated to consider the issue sua sponte if there is reason to doubt that jurisdiction exists). A more searching review of our jurisdiction is required and, once performed, I conclude that we lack jurisdiction to decide Mr. Dellosa’s appeal. Accordingly, I respectfully dissent.
This court has held that the Board of Veterans’ Appeals’ (“Board”) determination regarding the necessity of a medical examination is a question of fact, beyond the jurisdiction of this court to review. See DeLaRosa v. Peake, 515 F.3d 1319, 1322 (Fed.Cir.2008). The majority recognizes as much. Maj. Op. 1008-09. Yet the majority recasts the Board’s factual finding regarding the necessity of a medical examination as an apparent misinterpretation of the legal standard undergirding subparagraph B of 38 U.S.C. § 5103A(d)(2). In doing so, the majority suggests that the Board misapplied our holdings in Waters v. Shinseki, 601 F.3d 1274 (Fed.Cir.2010), and Colantonio v. Shinseki, 606 F.3d 1378 (Fed.Cir.2010), when the Board rejected Mr. Dellosa’s lay evidence as not competent to indicate that his disability was associated with his active military service. See § 5103A(d)(2)(B).
I do not agree that the Board categorically rejected Mr. Dellosa’s lay evidence or held him to “a more onerous standard of proof than the statute provides.” Waters, 601 F.3d at 1277. Rather, “[t]he decision here on appeal indicates that the Board did consider the lay evidence.” Dellosa v. Shinseki, No. 11-1891, 2012 WL 1676652, at *1, 2012 U.S.App. Vet. Claims LEXIS 994, at *2 (Vet.App. May 15, 2012). The Board acknowledged Mr. Dellosa’s lay evidence supporting his assertion that he suffered from his disability inservice, but found the record devoid of any complaints, diagnoses, or treatment of bipolar disorder.[1] The record, therefore, was silent regarding a nexus between Mr. Dellosa’s disability and his military service.
The Board did not suggest that lay statements can never be sufficient to satisfy the nexus requirement of § 5103A(d)(2)(B), or that competent medical evidence is required for that subpar-agraph. Cf. Waters, 601 F.3d at 1277; Colantonio, 606 F.3d 1378 (noting the impropriety of a decision holding that competent medical evidence is necessarily required to establish a nexus between service and a later disability). Rather, the Board’s citation to Waters indicates that it rejected Mr. Dellosa’s evidence as a conclusory lay statement insufficient to trigger the Department of Veterans Affairs’ duty to provide a medical examination. At bottom, the Board’s conclusion that the evidence did not warrant a medical examination was a factual finding beyond our jurisdiction. DeLaRosa, 515 F.3d at 1322. Even its conclusion that the lay evidence was neither competent nor sufficient is a fact issue that we cannot review. Jandreau, 492 F.3d at 1377; see also Waters, 601 F.3d at 1278 (“The Department must consider lay evidence, but may give it whatever weight it concludes the evidence is entitled to.”).
The majority relies heavily on the fact that the Board discussed the evidence supporting an examination before considering *1012 the evidence regarding service connection, implying that the lay evidence was considered for the latter analysis, but not the former. The Board’s discussion of the lay evidence, however, pertained to both anal-yses. Joint App’x 51 (“[A ]s discussed below, the evidence of record does not warrant [an examination].”). In fact, the Board acknowledged that “[l]ay testimony is competent ... to establish the presence of observable symptomatology and ‘may provide sufficient support for a claim of service connection.’ ” Id. at 55. Nonetheless, the Board concluded that Mr. Dello-sa’s contentions were outweighed by the medical evidence of record that did not show a relationship between Mr. Dellosa’s disability and service. This type of weighing of the evidence is beyond our jurisdictional reach.
As was true in Waters, the Board’s reference to “competent” evidence relating to the nexus requirement was unfortunate and ill-advised. 601 F.3d at 1277. The Board should have said that the record before it did not indicate that Mr. Dellosa’s current disabilities had a causal connection or were associated with his active military service. Id. The majority reverses on this minor technicality notwithstanding that the Board applied the proper legal standard and reached a factual determination that an examination was not required. I do not believe that our jurisdiction changes on such nuances. It is for this reason that I depart from the majority and conclude that we lack jurisdiction to decide this case.
At this point, I find it important to reiterate our observation from Waters that a conclusory generalized statement regarding the nexus between a disability and service is not enough to entitle a veteran to a medical examination under § 5103A(d)(2)(B). Id. at 1278. “Since all veterans could make such a statement, this theory would eliminate the carefully drafted statutory standards governing the provision of medical examinations and require the Secretary to provide such examinations as a matter of course in virtually every veteran’s disability case.” Id. The Board found that Mr. Dellosa was not entitled to an examination because his con-clusory statements regarding nexus were outweighed by other record evidence. We are limited by our standard of review to upset this finding. From the majority’s willingness to do so by discerning a legal error where none exists, I respectfully dissent.

. The Board was correct in its observation that laypersons generally are not competent to provide evidence of a diagnosis or etiology. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed.Cir.2007).