﻿Citation Nr: AXXXXXXXX
Decision Date: 12/06/18 Archive Date: 12/06/18

DOCKET NO. 180727-292
DATE: December 6, 2018
ORDER
Entitlement to service connection for a cerebrovascular accident, (CVA) claimed as a stroke, to include as secondary to service-connected diabetes mellitus, type II and coronary artery disease (CAD), is denied.
FINDING OF FACT
The Veteran’s cerebrovascular accident (CVA), claimed as a stroke is neither proximately due to nor aggravated beyond its natural progression by his service-connected diabetes mellitus, type II or coronary artery disease (CAD), and is not otherwise related to active military service.
CONCLUSION OF LAW
The criteria for establishing entitlement to service connection for a CVA claimed as a stroke, to include as secondary to service connected diabetes mellitus, type II and CAD, have not been met. U.S.C. §§ 1101, 1110, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303 (2018).
REASONS AND BASES FOR FINDING AND CONCLUSION
The Veteran served on active duty with the United States Marine Corps from August 1968 to July 1970.
On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.
Entitlement to service connection for a cerebrovascular accident, (CVA) claimed as a stroke, to include as secondary to service connected diabetes mellitus, type II and coronary artery disease
The Veteran asserts that his cerebrovascular accident, also claimed as a stroke, is causally related to his service-connected diabetes mellitus and/or coronary artery disease (CAD). The preponderance of the evidence is against his claim.
Service treatment records are silent for complaints of symptoms or treatment for a cerebrovascular accident. 
Post-service treatment records show that the Veteran suffered a stroke in June 2017. An emergency medicine treatment record, dated June 2017, indicated that the Veteran was evaluated for right-sided weakness and slurred speech. Other symptoms included dizziness, tingling and numbness. A diagnosis of subacute left-pons infract was indicated. Hypoglycemia was also noted. An evaluation of the endocrine system yielded negative results. One month later, an internal medicine record indicated that that the Veteran attended a follow-up evaluation related to his recent stroke. His blood pressure was documented as abnormally high and the Veteran acknowledged participation in physical therapy treatments due to weakness in his right arm and leg. In October 2017, the Veteran’s history of diabetes was noted; however, no causal linkage was made between his diabetes and his recent stroke.
In August 2017, the Veteran was afforded a VA examination. During the clinical evaluation, he reported a stroke in June 2017 that affected his right side. The Veteran endorsed rehabilitation treatment to resolve residual symptoms. He denied any speech involvement. In a follow-up evaluation, the Veteran stated that he was “told” that he had clots on the left side of his brain. Thereafter, he wore a cardiac monitor for 30 days which failed to show any signs of atrial fibrillation. 
On review of the record, the examiner acknowledged the Veteran’s history of hypertension and excessive smoking, reportedly, in remission for 15 years. A review of the medical literature failed to show a precise etiology for hypertension. In evaluating a possible linkage between hypertension and strokes, the literature review noted that “hypertension, which promotes the formation of atherosclerotic lesions, is the single most important treatable risk factor for a stroke.” Further, there are two kinds of stroke; one is ischemia which results from decreased blood flow and the other is hemorrhagic which results from a bleed. Review of the Veteran’s medical history shows that he suffered an ischemic stroke. The record also shows a long history of hypertension with excessive smoking. Smoking poses a significant risk factor in causing strokes. Hypertension is the most significant risk factor. 
Thus, the examiner opined that the Veteran’s documented history of hypertension is the most probable cause of his stroke, and not his service-connected heart disease or diabetes. Further, the examiner noted that the Veteran’s stroke resulted in right-sided hemiparesis. Follow-up treatment revealed improvement in his overall condition since the original incident. The Veteran was described as ambulating without any assistance with mild residual weakness in the right upper and lower extremities. Thus, the examiner concluded that there was no evidence to support a finding that the Veteran’s service-connected heart disease or diabetes aggravated his stroke beyond its natural progression.
In October 2017, an addendum opinion was obtained. The examiner noted a review of the evidence newly associated with the claims file. The opinion acknowledged that the Veteran suffered an acute left pontine and left cerebellar hemispheric infarct in June 2017. A 30-day cardiac study showed no evidence of any significant intra-or extracranial vascular atherosclerosis or a cardioembolic source. No underlying atrial fibrillation was revealed. The Veteran’s documented history of hypertension and excessive smoking was noted. Review of the medical literature showed that hypertension is the most common factor in contributing to a stroke. Excessive smoking doubles the risk for a stroke. Therefore, as noted in the prior opinion, the examiner concluded that the Veteran’s stroke is most likely due to his history of hypertension and smoking and was not caused or aggravated by his service-connected heart disease or diabetes.
The Board recognizes the Veteran’s competence to report on his current symptoms and their onset. However, there is no evidence that he possesses the specialized skills and expertise necessary to render complex medical opinions or opine as nature and etiology of his current symptoms. Layno v. Brown, 6 Vet. App. 465, 470 (1994); see also Jandreau v. Nicholson, 492 F.3d 1372, 1377. Further, mere conclusory or generalized lay assertions that a service-connected disability caused a current disability are insufficient to establish “nexus” in the absence of competent medical evidence. Waters v. Shinseki, 601 F.3d 1274, 1278 (2010).
While the Board acknowledges the Veteran’s assertion that his stroke was caused by or otherwise related to his service-connected diabetes and CAD, the evidence of record does not support his contention. Private treatment records show treatment for a cerebrovascular accident and residual symptoms beginning in June 2017. At no time has the Veteran’s condition been deemed casually related to his service connected conditions. In multiple VA examinations, the examiner noted a review of the Veteran’s clinical history and concluded that his risk factors, including excessive smoking and hypertension, were the probable cause of his stroke and not his service-connected diabetes and coronary artery disease.
Accordingly, as the preponderance of the evidence is against the claim, the provisions of 38 U.S.C. § 5107(b) regarding reasonable doubt are not applicable. The Veteran’s claim of entitlement to service connection for cerebrovascular accident must be denied.
 
B. MULLINS
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD N. Whitaker, Associate Counsel