﻿Citation Nr: AXXXXXXXX
Decision Date: 01/31/20 Archive Date: 01/31/20

DOCKET NO. 200106-51905
DATE: January 31, 2020

ORDER

Entitlement to service connection for bilateral hearing loss is denied.

Entitlement to service connection for tinnitus is denied.

FINDINGS OF FACT

1. The evidence does not show a diagnosis of hearing loss that manifest to a compensable degree within one year of service or is otherwise related to service.

2. The evidence does not show a diagnosis of tinnitus that manifest to a compensable degree within one year of service or is otherwise related to service

CONCLUSIONS OF LAW

1. The criteria for service connection for bilateral hearing loss have not been met. 38 U.S.C. §§ 1110, 1112, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309, 3.385.

2. The criteria for entitlement to service connection for tinnitus have not been met. 38 U.S.C. §§ 1110, 1112, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from January 1951 to December 1953.

The Veteran filed a claim for service connection in this appeal in June 2019. In a November 2019 rating decision, the AOJ denied the Veteran’s appeal for service connection for bilateral hearing loss and tinnitus. The Veteran filed a VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement) in January 2020.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with the Department of Veterans Affairs (VA)’s decision on their claim to seek review. This decision has been written consistent with the new AMA framework.

In the Veteran’s January 2020 VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement), he selected direct review by a Veterans Law Judge.

In adjudicating the claim of entitlement to service connection for bilateral hearing loss and tinnitus, the Board may consider evidence associated with the record between the date of claim and the November 21, 2019 rating decision on appeal.

Service Connection

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active military, naval, or air service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303 (a). Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in-service. 38 C.F.R. § 3.303 (d).

As a general matter, service connection for a disability requires evidence of: (1) the existence of a current disability; (2) the existence of the disease or injury in service, and; (3) a relationship or nexus between the current disability and any injury or disease during service. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004); see also Hickson v. West, 12 Vet. App. 247, 253 (1999).

Service connection for certain chronic diseases, including sensorineural hearing loss and tinnitus where present, may be presumed if they are manifest to a compensable degree within one year following the date of separation from active service. 38 U.S.C. §§ 1101, 1112, 1113; 38 C.F.R. §§ 3.307, 3.309.

For the showing of chronic disease in-service there is required a combination of manifestations sufficient to identify the disease entity and sufficient observation to establish chronicity at the time, as distinguished from merely isolated findings or diagnosis including the word “chronic.” Continuity of symptomatology is required where the condition noted during service is not, in fact, shown to be chronic or when the diagnosis of chronicity may be legitimately questioned. When the fact of chronicity in-service is not adequately supported then a showing of continuity of symptomatology after discharge from service is required to support the claim. 38 C.F.R. § 3.303 (b). But to establish entitlement to service connection based on continuity of symptomatology, the claimant must have one of the “chronic” diseases specifically enumerated in 38 C.F.R. § 3.309 (a). Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

The existence of a current disability is the cornerstone of a claim for VA disability compensation. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). The Court of Appeals for Veterans Claims (Court) has held that the presence of a chronic disability at any time during the claim process can justify a grant of service connection, even where the most recent diagnosis is negative. McClain v. Nicholson, 21 Vet. App. 319 (2007).

1. Service connection for bilateral hearing loss is denied

The Veteran contends he has bilateral hearing loss related to service. On his initial claim (VA Form 21-526) received in June 2019, he indicated he was exposed to noise during infantry training and his tinnitus and bilateral hearing loss began in January 1953.

Initially, the Board acknowledges that no service treatment and personnel records are associated with the Veteran’s claims file. The Veteran has been notified that his records are presumed destroyed by the 1973 fire at the National Personnel Records Center, and reasonable steps to reconstruct these records have been completed.

In this regard, Regional Office (RO) correspondence mailed to the Veteran dated August 23, 2019, requested the Veteran complete and return the NA Form 13055 allowing the RO to request a thorough search be made for military medical records in support of the Veteran’s claim. No response has been received. Therefore, VA’s duty to further assist the Veteran in locating additional records has been satisfied. See 38 U.S.C. § 5103A (d); see also 38 C.F.R. § 3.159 (c)(4); Wells v. Principi, 327 F.3d 1339, 1341 (Fed. Cir. 2002).

The question for the Board is whether the Veteran has a current hearing loss disability that began during service or is at least as likely as not related to an in-service injury, event, or disease. In that regard, the Board concludes that the Veteran does not have a current diagnosis of bilateral hearing loss and has not had one at any time during the pendency of the claim or recent to the filing of the claim. 38 U.S.C. §§ 1110, 1131, 5107 (b); Holton v. Shinseki, 557 F.3d 1363, 1366 (Fed. Cir. 2009); Romanowsky v. Shinseki, 26 Vet. App. 289, 294 (2013); McClain v. Nicholson, 21 Vet. App. 319, 321 (2007); 38 C.F.R. § 3.303 (a), (d).

While the Veteran is competent to report any hearing loss symptoms, he is not competent to provide a diagnosis of hearing loss disability in this case. The issue is medically complex, as it requires specialized medical education and the ability to interpret diagnostic medical testing. Jandreau v. Nicholson, 492 F.3d 1372, 1377, 1377 n.4 (Fed. Cir. 2007).

The Board also notes that the Veteran was not scheduled for a VA examination to determine whether he has current hearing loss disability that may be related to service. As noted above, there is no competent medical evidence of a current disability, and there is no indication in the record (other than the Veteran’s lay assertion, which have been non-specific in this regard) showing that a hearing loss may be related to service. Thus, a VA examination regarding the Veteran’s hearing loss is neither necessary nor warranted. See Waters v. Shinseki, 601 F.3d 1274, 1278-79 (Fed. Cir. 2010) (rejecting the theory that medical examinations are to be routinely and virtually automatically provided to all veterans in disability cases involving nexus issues).

2. Service connection for tinnitus is denied

The Board finds there is no evidence of a present disability of tinnitus, nor is there any additional evidence of tinnitus contained in the record. The claim requested service connection for tinnitus but contained no additional statements regarding his disability or medical records evidencing a disability.

As noted above, service connection requires a showing of a current disability. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). A current disability is shown if the claimed condition is demonstrated at the time of the claim or while the claim is pending. McClain v. Nicholson, 21 Vet. App. 319 (2007).

(Continued on the next page)

 

The Veteran is competent to report his difficulty hearing. However, there are no reports of tinnitus contained in the record, nor has tinnitus ever been identified during the current appeal period. There is no other competent medical evidence of record, VA or private, of tinnitus during the applicable appeal period.

In light of the absence of any competent evidence of tinnitus, the claim must be denied. In reaching this decision the Board considered the doctrine of reasonable doubt, however, as the preponderance of the evidence is against the Veteran’s claim, the doctrine is not for application. 38 U.S.C. § 5107.

 

 

R. FEINBERG

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. St. Laurent, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.