﻿Citation Nr: AXXXXXXXX
Decision Date: 05/29/20 Archive Date: 05/29/20

DOCKET NO. 200218-68524
DATE: May 29, 2020

ORDER

Entitlement to service connection for a right knee disability is denied.

Entitlement to service connection for left knee disability as secondary to a right knee injury is denied.

FINDING OF FACT

The appellant’s right knee disability did not have its onset in service and is not otherwise related to service.

CONCLUSIONS OF LAW

1. The criteria for entitlement to service connection for a right knee disability are not met. 38 U.S.C. §§ 101, 1131, 5107; 38 C.F.R. §§ 3.6, 3.102, 3.303.

2. The criteria for entitlement to service connection for left knee disability as secondary to a right knee disability are not met. 38 U.S.C. §§ 1131, 5107; 38 C.F.R. §§ 3.102, 3.310.

REASONS AND BASES FOR FINDING AND CONCLUSIONS

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). That law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. This decision has been written consistent with the new AMA framework.

The appellant served in the United States Army National Guard from September 1956 to September 1959. He elected the Evidence Submission Lane in his timely February 2020 VA Form 10182 (Decision Review Request) to the Board of Veterans’ Appeals (Board) following issuance of the January 2020 SOC. Accordingly, the Board will consider the evidence of record at the time of the January 2020 SOC, and evidence submitted within 90 days of the February 18, 2020 election of the Evidence Submission lane, or until May 18, 2020.

Service Connection

Service connection may be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred or aggravated in active military service. 38 U.S.C. § 1131; 38 C.F.R. § 3.303(a). Establishing service connection on a direct basis requires evidence demonstrating: (1) the existence of a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the claimed in-service disease or injury. See Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009).

Service connection may also be warranted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). Active service includes any period of active duty for training (ACDUTRA) during which the individual was disabled from a disease or an injury incurred in the line of duty, or a period of inactive duty for training (INACDUTRA) during which the individual was disabled from an injury incurred in the line of duty or from an acute myocardial infarction, a cardiac arrest, or a cerebrovascular accident occurring during such training. 38 U.S.C. § 101(24); 38 C.F.R. § 3.6(a). Further, ACDUTRA includes full-time duty performed by members of the National Guard of any State, under 32 U.S.C. 316, 502, 503, 504, or 505, o38 U.S.C. § 101(22); 38 C.F.R. § 3.6(c)(3).

Certain chronic disabilities, such as arthritis, are presumed to have been incurred in service if manifest to a compensable degree within one year of discharge from active duty. 38 U.S.C. §§ 1101, 1112, 1137; 38 C.F.R. §§ 3.307, 3.309. However, this chronic disease presumption is not applicable in relation to any period of ACDUTRA or INACDUTRA service. See Smith v. Shinseki, 24 Vet. App. 40,47 (2010).

Service connection may also be established on a secondary basis for a disability proximately due to or aggravated by a service-connected disease or injury. See 38 C.F.R. § 3.310; see also Allen v. Brown, 7 Vet. App. 439 (1995) (en banc). 

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of the matter, the benefit of the doubt shall be given to the claimant. 38 U.S.C. § 5107(b).

1. Entitlement to service connection for a right knee injury residual is denied.

2. Entitlement to service connection for left knee ACL injury as secondary to a right knee injury is denied.

The first element of service connection, or current disability, is met, as private medical records indicate that the appellant has been diagnosed with right knee arthritis in 1999, See December 1999 Private Treatment Record. 

Regarding element two, or in-service incurrence or aggravation of a disease or injury, the appellant’s service treatment records (STRs) and the majority of his service personnel records (SPRs) are not available for review, because they were destroyed in the 1973 fire at the National Personnel Records Center (NPRC). See March 2018 and September 2018 VA Forms 21-3101 Request for Information. In such situations, the VA has a heightened obligation to explain its findings and conclusions and carefully consider the benefit-of-the-doubt rule. See Washington v. Nicholson, 19 Vet. App. 362, 369-70 (2005), Cuevas v. Principi, 3 Vet. App. 542, 548 (1992); O’Hare v. Derwinski, 1 Vet. App. 365, 367 (1991). Notably, and perhaps critically, neither the appellant nor his representative has reported any in-service event or injury to his right knee, and no additional evidence was submitted within the 90 days following his appeal to the Board. See, e.g., March 2019 VA Form 21-0958. In this regard, while a January 2000 right knee CT scan notes a history of “trauma,” there is no indication when such injury was incurred, and this record is dated almost forty years after the appellant’s separation from service. Thus, absent any competent and credible evidence of any in-service disease or injury in relation to the right knee, element two of service connection is not met, and the claim fails on this basis alone.

Similarly, element three is not met, as there is no competent evidence of a causal relationship between the current disability and the claimed in-service disease or injury. To the extent the appellant reports such a relationship, he is not competent to assess the etiology of a degenerative condition affecting the joints such as arthritis, as to do so requires medical knowledge. 

The Board acknowledges that the Department of Veterans Affairs (VA) did not obtain a medical examination or opinion on this issue. VA must provide a medical examination and medical opinion when there is (1) competent evidence of a current disability or persistent or recurrent symptoms of a disability, and (2) evidence establishing that an event, injury, or disease occurred in service or establishing certain diseases manifesting during an applicable presumptive period for which the claimant qualifies, and (3) an indication that the disability or persistent or recurrent symptoms of a disability may be associated with the appellant’s service or with another service-connected disability, but (4) insufficient competent medical evidence on file for the VA to make a decision on the claim. See McLendon v. Nicholson, 20 Vet. App. 79, 81-82 (2006). Here, as outlined above, the appellant has not identified any specific in-service event, injury or disease to which his arthritis can be linked. In this regard, a bare assertion of service connection, standing alone, such as here, does not suffice to trigger the duty to obtain a VA examination. See Waters v. Shinseki, 601 F.3d 1274, 1278 (Fed. Cir. 2010). Accordingly, the duty to obtain a VA examination and medical opinion is not triggered. McLendon, 20 Vet. App. 79 (2006).

In sum, for reasons outlined above, the preponderance of the evidence is against the appellant’s claim of entitlement to service connection for a right knee disability. As the preponderance of the evidence is against this claim, the benefit-of-the-doubt rule does not apply, and this appeal is denied. See 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

Moreover, as service connection has not been established for a right knee disability, secondary service connection for his left knee disability is precluded. 38 C.F.R. § 3.310. The Board also finds that service connection on a direct basis is not warranted for the appellant’s left knee disability, for reasons identical to those outlined above for his right knee claim. Thus, the claim for entitlement to service connection for a left knee disability must also be denied. See 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

 

 

S. BUSH

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. J. Rogers, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.