﻿Citation Nr: AXXXXXXXX
Decision Date: 01/29/21 Archive Date: 01/29/21

DOCKET NO. 200316-70393
DATE: January 29, 2021

ORDER

Entitlement to service connection for diabetes mellitus, type II, to include as due to herbicide agent exposure, is denied.

Entitlement to service connection for prostate cancer, to include as due to herbicide agent exposure, is denied.

FINDINGS OF FACT

1. The Veteran did not have service in the Republic of Vietnam, and he was not exposed to herbicide agents during service in Japan.

2. Diabetes mellitus, type II, was not manifested during the Veteran’s active duty service or for many years thereafter, nor is it otherwise related to the Veteran’s active duty service, to include exposure to herbicide agents.

3. Prostate cancer was not manifested during the Veteran’s active duty service or for many years thereafter, nor is it otherwise related to the Veteran’s active duty service, to include exposure to herbicide agents.

CONCLUSIONS OF LAW

1. The criteria for service connection for diabetes mellitus, type II, to include as a result of exposure to an herbicide agent, have not been met. 38 U.S.C. §§ 1110, 1112, 1116, 5103, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.307, 3.309.

2. The criteria for service connection for prostate cancer, to include as a result of exposure to an herbicide agent, have not been met. 38 U.S.C. §§ 1110, 1112, 1116, 5103, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.307, 3.309.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active service from April 1967 to October 1970.

In November 2019, the Veteran submitted a VA Form 20-0995, Decision Review Request: Supplemental Claim, and requested review of an October 2019 rating decision based on new and relevant evidence. In February 2020, the agency of original jurisdiction (AOJ) issued the supplemental claim decision on appeal, which found that new and relevant evidence had been received and denied the claim based on the evidence of record at the time of that decision. The Veteran timely appealed this rating decision to the Board in a March 2020 VA Form 10182, Decision Review Request: Board Appeal, electing the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the AOJ decision on appeal. 38 C.F.R. § 20.301.

Service Connection

Establishing service connection generally requires (1) evidence of a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship, i.e., a nexus, between the claimed in-service disease or injury and the current disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

The Board must assess the credibility and weight of all the evidence, including the medical evidence, to determine its probative value, accounting for evidence which it finds to be persuasive or unpersuasive, and providing reasons for rejecting any evidence favorable to the claimant. Masors v. Derwinski, 2 Vet. App. 181 (1992); Wilson v. Derwinski, 2 Vet. App. 614 (1992); Hatlestad v. Derwinski, 1 Vet. App. 164 (1991); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). Equal weight is not accorded to each piece of evidence contained in the record; every item of evidence does not have the same probative value.

As an initial matter, the Board acknowledges that the Veteran has not been provided VA examinations for his diabetes mellitus, type II, or prostate cancer. Such examinations, however, are not necessary for either of the claimed disorders, and thus, there has been no pre-decisional duty to assist error. As explained below, the evidence available at the time of the AOJ decision on appeal did not establish an in-service incurrence, to include exposure to herbicide agents, or continuity of symptoms since service. Therefore, it is insufficient to trigger VA’s duty to assist by providing a medical opinion regarding service connection. See McLendon v. Nicholson, 20 Vet. App. 79 (2006); see also Waters v. Shinseki, 601 F.3d 1274 (Fed. Cir. 2010). Consequently, a remand for VA examinations or opinions is not necessary as to the matters on appeal.

Entitlement to service connection for diabetes mellitus, type II, and prostate cancer, to include as due to herbicide agent exposure, is denied.

The Veteran contends that he developed diabetes mellitus, type II, and prostate cancer as a result of exposure to herbicide agents, to include Agent Orange, while he was stationed in Japan during active service. Specifically, the Veteran contends that he served in Atsugi, Japan in 1968, working as a mechanic and reported that his duties included working on ground support equipment that came from Da Nang in the Republic of Vietnam; he indicated that, although he did not realize it at the time, all of the equipment that he worked on was covered with Agent Orange. 

The AOJ found that the Veteran had received diagnoses of diabetes mellitus, type II, and malignant neoplasm of the prostate. Thus, the question in this case is whether these disabilities are related to his active service, to include as due to herbicide agent exposure. 

Initially, the Board notes that there is no dispute that the Veteran did not serve in the Republic of Vietnam during the Vietnam Era; he does not contend he had Vietnam service and the record does not support such service.

The Veteran’s DD 214 and military personnel file indicate the Veteran served as an Aircraft Mechanic at the U.S. Naval Air Station in Atsugi, Japan from December 1967 to March 1969. His duties included working with a rehabilitation crew, tearing down and overhauling gas turbines, compressors, hydraulic units, electric power units, and other types of ground support equipment. 

VA has not recognized, for presumptive service connection purposes, that herbicide agents were used in Atsugi, Japan, and the Veteran has not had service in an area or performing duties recognized as being entitled to the presumption of exposure to herbicide agents. See 38 C.F.R. § 3.307 (a)(6)(iii)-(v). Accordingly, the Veteran does not meet the criteria for the presumption of herbicide agent exposure. Nevertheless, service connection may be granted on a direct basis if the evidence supports such a grant. See Combee v. Brown, 34 F.3d 1039, 1043-44 (Fed. Cir. 1994).

Initially, the Board notes that review of the Veteran’s medical treatment records reflects that the Veteran received a diagnosis of prostate cancer in 2006, with a prostatectomy in January 2007, and, subsequently, he received a diagnosis of diabetes mellitus, type II. Thus, the first element of service connection is met. 

Regarding the second element of service connection, the Veteran does not contend, and the record does not reflect, any complaints, treatment, or diagnosis related to diabetes mellitus, type II, or prostate cancer during active service. Nor is there evidence to suggest the presence of any of the claimed disabilities until more than 30 years after the Veteran’s service, and thus, there is no indication of continuity of symptoms since service or that diabetes mellitus, type II, or prostate cancer manifested to a compensable degree within one year of his separation from military service. 38 C.F.R. §§ 3.307, 3.309(a).

Furthermore, other than his lay assertions, there is no evidence in the record showing that he was exposed to herbicide agents, to include from working on equipment used in the Republic of Vietnam, during his service in Japan, and the Veteran has not otherwise provided any evidence to support his assertion. While veterans are competent to testify to a wide range of matters relating to their own observations, the Veteran has not shown that he has the necessary expertise to identify chemical compounds such that his observation alone is sufficient to establish the presence of Agent Orange or his exposure to such herbicide agents. Layno v. Brown, 6 Vet. App. 465, 470 (1994). 

Thus, while the Board is sympathetic to the Veteran’s belief that he had a great deal of exposure to herbicide agents in light of his military duties, his lay statements alone do not provide a sufficient basis to establish his exposure to herbicide agents, to include Agent Orange. The Board notes, however, that the Veteran is free to file a supplemental claim by submitting new and relevant evidence in support of his claim. 

Based on the foregoing, the Board finds that the weight of the evidence does not substantiate exposure to Agent Orange, or other herbicide agents, or otherwise demonstrate that the Veteran’s disabilities were in fact incurred in service. See Combee v. Brown, 34 F.3d 1039 (Fed. Cir. 1994). Therefore, the second element of service connection, in service incurrence, injury, or disease, is not met for diabetes mellitus, type II, or prostate cancer and no further analysis is necessary. 

The Board finds that the preponderance of the evidence is against the claim for service connection for diabetes mellitus, type II, and prostate cancer. Accordingly, the benefit-of-the-doubt rule does not apply, and the claim is denied. See 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; 4.3; Gilbert, 1 Vet. App. at 55.

 

 

Thomas H. O'Shay

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board D. Hite, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.