Citation Nr: 1456924 
Decision Date: 12/31/14 Archive Date: 01/09/15

DOCKET NO. 12-11 096 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to service connection for bilateral knee disorders. 

2. Entitlement to service connection for a disorder claimed as residuals of a left buttock muscle injury. 

3. Entitlement to service connection for a disorder claimed as residuals of a fractured pelvis. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

S. Syverson, Associate Counsel

INTRODUCTION

The Veteran served on active duty from March 1964 to March 1966. 

This matter initially came to the Board of Veterans' Appeals (Board) on appeal from a rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Hartford, Connecticut. In September 2011, the Board remanded these issues for issuance of a statement of the case in light of Manlincon v. West, 12 Vet.App. 238 (1999). The RO issued a statement of the case, and the Veteran completed a timely substantive appeal. The case was certified back to the Board by the RO in St. Petersburg, Florida. 

Review of the Veteran's Virtual VA and Veterans Benefits Management System (VBMS) paperless claims files reveals additional pertinent documents associated with the Virtual VA file. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Remand is necessary to ensure that all required development is completed. An April 2004 letter from the Social Security Administration shows that the Veteran was judged disabled by that agency effective from November 2003. The letter does not, however, identify the medical conditions that led to the disability finding. As a result, the Board cannot determine whether any Social Security Administration records would be relevant to the Veteran's current claims without reviewing the records themselves. Therefore, appropriate efforts must be made to obtain any records from the Social Security Administration. See Golz v. Shinseki, 590 F.3d 1317, 1323 (Fed. Cir. 2010). 

The appellant alleges, in part, that the disorders at issue are due to an inservice 1965 car accident. Although the Veteran's service treatment records include a one-page narrative summary of his 1965 hospitalization at the Fort Sill, Oklahoma Army Hospital following the accident, appropriate attempts must be made to obtain all clinical in-patient treatment records of his hospitalization from March to May 1965. Up to date records of relevant treatment should also be obtained.

The Board also finds that VA examinations are warranted for at least two of the claimed disorders. VA must provide a medical examination when the lay and medical evidence of record: contains competent evidence that the claimant has a current disability, or persistent or recurrent symptoms of disability; and indicates that the disability or symptoms may be associated with the claimant's active service or with another service-connected disability; but does not contain sufficient medical evidence to make a decision on the claim. 38 U.S.C.A. § 5103A(d) (West 2014); 38 C.F.R. § 3.159(c)(4) (2014). The requirement that the evidence "indicates" that there "may" be a relationship between the current disability and service is a low threshold, McLendon v. Nicholson, 20 Vet. App. 79, 83 (2006), and may be established by lay evidence alone, see Waters v. Shinseki, 601 F.3d 1274, 1277-79 (Fed. Cir. 2010). 

Regarding the issue of entitlement to service connection for bilateral knee disorders, a June 2003 private treatment record shows that the Veteran reported increased knee pain with walking. An impression of degenerative joint disease of the knees was made. In April 2008, the Veteran stated that when he left the hospital in 1965 the military doctor told him that he would have arthritic complications due to the extent of the trauma from the 1965 automobile accident. Additionally, the Veteran has asserted that his left buttock condition, for which he is also claiming service connection, affects his pace and walking, which raises a question of knee problems related to abnormal gait. The Board finds that an examination is warranted. 

Regarding the issue of entitlement to service connection for a disorder claimed as residuals of a left buttock muscle injury, the Veteran reported in October 2006 that his left buttock never regained its shape after his in-service automobile accident, which affects his pace and walking. In his August 2007 notice of disagreement, the Veteran explained that vanity stopped him from mentioning his left buttock condition earlier but that it has caused him constant numbing since the accident. A December 1995 treatment record shows that the Veteran reported gluteal muscle wasting due to the in-service accident. Additionally, the physician's summary section of the Veteran's February 1966 report of medical history notes left leg lameness. Although a left buttock condition has not been diagnosed, the Veteran is competent to report his symptoms and there is an indication that any left buttock disability may be related to the in-service accident. Therefore, an examination is warranted. 

Regarding the issue of entitlement to service connection for a disorder claimed as residuals of a pelvic fracture, there is no medical evidence of record documenting a pelvic fracture. Service treatment records show a minimal compression fracture of the spine at L-1. A September 1965 radiographic report notes possible narrowing of the posterior portion of the L-5, S-1 interspace, that both hips appear smooth in outline, and that the sacro-iliac joints appear within normal limits. Although the Veteran's claim should not be limited to the diagnosis asserted by the appellant (a layperson), see Clemons v. Shinseki, 23 Vet. App. 1, 5 (2009), it is not clear from the Veteran's statements and post-service treatment records what symptoms he is claiming. Therefore, the Veteran should be asked to clarify what current symptoms he asserts are due to the claimed in-service pelvic fracture and to provide any additional medical evidence supporting this claim. The AOJ should then consider whether a VA examination is warranted based on any additional evidence received. 

Accordingly, the case is REMANDED for the following action:

1. Send the Veteran a letter asking him to complete the necessary authorization forms (which should be included as enclosures) so that VA may obtain any outstanding non-VA treatment records for the claimed conditions. Ask the Veteran to identify any VA treatment at locations other than the Waterbury outpatient clinic. Ask the Veteran to submit a statement describing the current symptoms that he associates with the claimed in-service pelvic fracture, and any additional supporting evidence. 

Obtain any identified treatment records. Regardless of the Veteran's response, obtain any records of treatment at the VA Waterbury outpatient clinic since November 2010. 

Obtain any records related to the Veteran's claim for disability benefits from the Social Security Administration. 

Make appropriate attempts to obtain any clinical inpatient records of treatment at the US Army Hospital in Fort Sill, Oklahoma from March to May 1965. This includes directly contacting Reynolds Army Community Hospital at Fort Sill, Oklahoma.

Associate any additional records with the claims, Virtual VA, or VBMS file. If the AOJ cannot locate any of the above records, it must specifically document the attempts that were made to locate such records, and explain in writing why further attempts to locate or obtain any government records would be futile. The AOJ must then: (a) notify the claimant of the specific records that it is unable to obtain; (b) explain the efforts VA has made to obtain that evidence; and (c) describe any further action it will take with respect to the claim. The claimant must then be given an opportunity to respond.

2. Thereafter, schedule the Veteran for a VA examination to address the claimed bilateral knee disorders, buttock disorder and pelvic disorder. Provide the examiner access to the claims file and any Virtual VA and VBMS records as well as a copy of this Remand. The AOJ must also consider whether, based on any additional evidence obtained, an examination regarding the disorder claimed as residuals of a fractured pelvis is also warranted, and if so, should instruct the examiner accordingly. The examiner must review the claims file and any relevant Virtual VA and VBMS records and indicate in the examination report that such review occurred. Any indicated tests or studies should be performed. The examiner is to: 

(a) Examine the Veteran and diagnose any knee, left buttock and/or pelvic disorder, to include any disability manifested by muscle weakness or numbness. 

(b) For each diagnosed disorder opine whether:

(i) Is it at least as likely as not (a 50 percent probability or greater) that any diagnosed knee, buttock, and/or pelvic disorder had onset during service or was otherwise caused by active service, including but not limited to the March 1965 in-service automobile accident?

(ii) Is it at least as likely as not that any diagnosed knee, buttock and/or pelvic disorder is caused by residuals of a left wrist fracture; loss of sense of smell (anosmia); facial scars; residuals of fracture of the first lumbar vertebra with degenerative process; and left elbow scar? If not, is it at least as likely as not that any diagnosed knee, buttock and/or pelvic disorder is aggravated (worsened beyond its natural progression) by such disability or disabilities? 

(c) Provide a complete rationale for any and all opinions offered, including a discussion of the facts of this case and any medical studies or literature relied upon. If unable to provide any of the requested opinions without resorting to mere speculation, explain why that is the case.

3. After the development requested has been completed, the AOJ must review the examination report to ensure that it is in complete compliance with the directives of this Remand. The AOJ must ensure that the examiner documented his or her consideration of the claims file and any Virtual VA and VBMS records. If the report is deficient in any manner, the AOJ must implement corrective procedures at once.

4. After completing the above development and any other indicated development, readjudicate the claims. If any benefit sought is not granted, provide the Veteran and his representative a supplemental statement of the case and allow an appropriate opportunity to respond before returning the case to the Board. 

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).



_________________________________________________
DEREK R. BROWN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).