http://www.va.gov/vetapp16/Files6/1644961.txt

Citation Nr: 1644961 
Decision Date: 11/30/16 Archive Date: 12/09/16

DOCKET NO. 10-10 998 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia

THE ISSUE

Entitlement to service connection for status-post lumbar fusion with residual chronic low back pain.

REPRESENTATION

Appellant represented by: The American Legion

WITNESSES AT HEARING ON APPEAL

The Appellant and his spouse, G.W.

ATTORNEY FOR THE BOARD

Hallie E. Brokowsky, Counsel

INTRODUCTION

The Veteran served on active duty in the United States Army from November 1965 to February 1968. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a July 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Atlanta, Georgia.

The Veteran testified before the undersigned Veterans Law Judge at a January 2015 Travel Board hearing. A copy of the transcript is associated with the claims file.

In April 2015, the Board remanded the issue of entitlement to service connection for status-post lumbar fusion for further development. The development has been completed and associated with the claims file. A Supplemental Statement of the Case was issued in June 2016. 

The case has been returned to the Board for appellate consideration.

FINDING OF FACT

Status-post lumbar fusion with residual chronic low back pain was not manifested during service or within one year of separation. Status-post lumbar fusion with residual chronic low back pain is not attributable to service.

CONCLUSION OF LAW

Status-post lumbar fusion with residual chronic low back pain was not incurred in or aggravated by service, nor can status-post lumbar fusion with residual chronic low back pain be presumed to have been incurred therein. 38 U.S.C.A. §§ 1101, 1110, 1112, 1113, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.307, 3.309 (2016).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA) imposes obligations on VA to provide claimants with notice and assistance. 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2015). The United States Court of Appeals for Veterans Claims (Court) issued a decision in the appeal of Dingess v. Nicholson, 19 Vet. App. 473 (2006), which held that the notice requirements of 38 U.S.C.A. § 5103(a) and 38 C.F.R. § 3.159(b) apply to all five elements of a service connection claim, including the degree of disability and the effective date of an award. Those five elements include: (1) veteran status; (2) existence of a disability; (3) a connection between a veteran's service and the disability; (4) degree of disability; and (5) effective date of the disability.

In this case, the agency of original jurisdiction (AOJ) issued notice letters to the Veteran. These letters explained the evidence necessary to substantiate the Veteran's claim for service connection, as well as the legal criteria for entitlement to such benefits. The letters also informed him of his and VA's respective duties for obtaining evidence. The AOJ decision that is the basis of this appeal was decided after the issuance of an initial, appropriate VCAA notice. As such, there was no defect with respect to timing of the VCAA notice. See Pelegrini v. Principi, 18 Vet. App. 112 (2004).

VA also has a duty to assist a veteran with the development of facts pertinent to the appeal. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159(c). This duty includes the obtaining of "relevant" records in the custody of a Federal department or agency under 38 C.F.R. § 3.159(c)(2), as well as records not in Federal custody (e.g., private medical records) under 38 C.F.R. § 3.159(c)(1). VA will also provide a medical examination if such examination is determined to be "necessary" to decide the claim. 38 C.F.R. § 3.159(c)(4).

The claims file contains the Veteran's available service treatment records, reports of post-service treatment, and the Veteran's own statements in support of his claim. The Veteran was also afforded VA examinations responsive to the claim for service connection of status-post lumbar fusion with residual chronic low back pain. See McClendon v. Nicholson, 20 Vet. App. 79 (2006). The opinions were conducted by a medical professional, following thorough examination of the Veteran, solicitation of history, and review of the claims file. 

The Board also observes that undersigned VLJ, who conducted the Veteran's January 2015 hearing, explained the concept of service connection, as well as explained the evaluation process. Potential evidentiary defects were identified and the file was left open to provide an opportunity to submit additional evidence. The actions of the Judge supplement VCAA and comply with 38 C.F.R. § 3.103. 

The Board has reviewed the Veteran's statements and medical evidence of record and concludes that there is no outstanding evidence with respect to the Veteran's claim. For these reasons, the Board finds that the VCAA duties to notify and assist have been met.

Service Connection

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C.A. §§ 1110, 1131 (West 2014); 38 C.F.R. § 3.303(a) (2016). To establish a right to compensation for a present disability, a Veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service-the so-called "nexus" requirement. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2009) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)). 

Service connection may be granted for any disease initially diagnosed after service when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

For the showing of chronic disease in service, there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time. As degenerative joint disease (arthritis) is a chronic disease for VA compensation purposes, if chronicity in service is not established, a showing of continuity of symptoms after discharge is required to support the claim. 38 C.F.R. §§ 3.303(b), 3.309; Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

At the outset, the Board notes that the Veteran does not claim, and the evidence does not reflect, that his status-post lumbar fusion with residual chronic low back pain is the result of combat with the enemy. Therefore, the combat provisions of 38 U.S.C.A. § 1154 are not applicable.

In this case, the Veteran contends that he injured his back in 1967, and that he has had symptoms since that injury. The Veteran reported that he went to sick call for treatment but that the records were destroyed. 

Based on the evidence of record, the Veteran's claims of service connection for a status-post lumbar fusion with residual chronic low back pain must be denied.

The Veteran's service treatment records do not reflect that the Veteran manifested, was treated for, or was diagnosed with a back injury during service. His January 1968 Report of Medical History indicates that he denied experiencing recurrent back pain, painful joints, arthritis, and rheumatism; at the contemporaneous separation examination, neurological evaluation was normal, and clinical evaluation of the spine and musculoskeletal system was normal. No back disorder was noted or identified during service or within one year of separation. Furthermore, the record establishes that he did not have characteristic manifestations of a back disorder during or within one year of service. See Boyer v. West, 210 F.3d 1351, 1353 (Fed. Cir. 2000) (a Veteran seeking disability benefits must establish the existence of a disability and a connection between such Veteran's service and the disability). 

The weight of the evidence reflects that the Veteran's status-post lumbar fusion with residual chronic low back pain is not related to his active duty. There is no probative evidence that the Veteran's status-post lumbar fusion with residual chronic low back pain is related to his service. None of the post-service treatment records reflect complaints, treatment, or diagnoses of a lumbar spine disorder prior to 1979. The Veteran reported, at a November 1979 VA examination, that his back pain began in 1979; in a May 1979 claim for nonservice-connected pension benefits, the Veteran reported that he received worker's compensation for a back injury. To this point, the Board also notes that March 1980 and May 2008 letters from Dr. RC indicate that the Veteran ruptured a disc in January 1979 and began seeking treatment for back pain in November 1979; Dr. RC also indicated that the Veteran underwent surgical treatment in the 1980's. See Madden v. Gober, 125 F.3d 1477, 1481 (1997) (in evaluating the evidence and rendering a decision on the merits, the Board is required to assess the credibility and probative value of proffered evidence in the context of the record as a whole). 

In rendering a decision on appeal, the Board must analyze the credibility and probative value of the evidence, account for the evidence which it finds to be persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the claimant. See Gabrielson v. Brown, 7 Vet. App. 36, 39-40 (1994). As noted by the Federal Circuit, the Department must consider lay evidence, but may give it whatever weight it concludes the evidence is entitled to. Waters v. Shinseki, 601 F.3d 1274 (2010). 

The Board has considered the Veteran's statements. However, the Veteran's statements are insufficient to establish that the Veteran's status-post lumbar fusion with residual chronic low back pain is related to his service. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). To the extent that there are lay opinions, including those of the Veteran, linking the Veteran's claimed status-post lumbar fusion with residual chronic low back pain, to an in-service event, injury, or illness, the Board finds that the probative value of the Veteran's general lay assertions are outweighed by the specific, reasoned opinion provided in the August 2015 VA examination report, as well as the clinical evidence of record. Post-service treatment records do not reflect any credible relationship between the Veteran's service and his status-post lumbar fusion with residual chronic low back pain. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008) (most of the probative value of a medical opinion comes from its reasoning; threshold considerations are whether the person opining is suitably qualified and sufficiently informed). 

In this regard, the August 2015 VA examiner noted that because the Veteran's claimed status-post lumbar fusion with residual chronic low back pain was not diagnosed for many years after his service, it was unlikely that the status-post lumbar fusion with residual chronic low back pain is related to any injury, event, or illness during service; the August 2015 VA examiner explained that the Veteran's service treatment records and separation examination report did not reflect any complaints, treatment, and diagnoses related to his back. The Board notes that the opinion of the August 2015 VA examiner is consistent with the medical evidence of record, which does not demonstrate that the Veteran's claimed status-post lumbar fusion with residual chronic low back pain is related to his service. See Prejean v. West, 13 Vet. App. 444, 448-49 (2000). 

In this regard, the Board points out that nothing in the Veteran's treatment records reflects a relationship between his service and his claimed status-post lumbar fusion with residual chronic low back pain. The Board observes that the Veteran did not make any association between his claimed status-post lumbar fusion with residual chronic low back pain and his service until he filed his claim for service connection. See Pond v. West, 12 Vet. App. 341 (1999). Additionally, the Board observes that the Veteran's May 1979 claim for nonservice-connected pension, and the November 1979 VA examination report, reflect that the Veteran reported that he received worker's compensation related to his back injury and that his back pain had onset in 1979. A March 1980 letter from Dr. RC indicates that the Veteran ruptured a disc between L5 and S1 level on the right side in January 1979. Moreover, in giving his history in seeking treatment for his back in 1979, the Veteran made no assertion as to in-service onset or related symptomatology during service. His silence as to in-service onset, when otherwise reporting a complete medical history, constitutes negative evidence. See Forshey v. Principi, 284 F.3d 1335 (2002). As such, the Board finds that the Veteran's report of on-going problems since service to be inconsistent with the record and not credible.

For the foregoing reasons, the preponderance of the evidence is against the claim for service connection of status-post lumbar fusion with chronic low back pain. The benefit-of-the-doubt doctrine is therefore not for application, and the claim must be denied. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102; see also Fagan v. Shinseki, 573 F.3d 1282, 1287 (Fed. Cir. 2009).

ORDER

Entitlement to service connection for status-post lumbar fusion with chronic low back pain is denied.

______________________________________________
GAYLE E. STROMMEN
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs