Citation Nr: 1736714 
Decision Date: 08/31/17 Archive Date: 09/06/17

DOCKET NO. 11-21 145 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Philadelphia, Pennsylvania


THE ISSUE

Entitlement to service connection for a low back disability.


REPRESENTATION

Appellant represented by: Richard L. Frankel, Attorney at Law 


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

P. Poindexter, Associate Counsel 


INTRODUCTION

The appellant is a Veteran who served on active duty from July 1969 to April 1971. This matter is before the Board of Veterans' Appeals (Board) on appeal from a December 2010 rating decision by the Philadelphia, Pennsylvania Department of Veterans Affairs (VA) Regional Office (RO). In October 2012, a Travel Board hearing was held before the undersigned; a transcript of the hearing is in the record. In April 2014, this matter was remanded for additional development. 


FINDING OF FACT

A chronic low back disability was not manifested in service; arthritis of the low back was not manifested in the first postservice year; and any current low back disability is not shown to be related to the Veteran's service or to any event therein.


CONCLUSION OF LAW

Service connection for a low back disability is not warranted. 38 U.S.C.A 
§§ 1110, 1112, 5107 (West 2014); 38 C.F.R. §§ 3.303, 3.304, 3.307, 3.309 (2016).


REASONS AND BASES FOR FINDING AND CONCLUSION

The Veterans Claims Assistance Act of 2000 (VCAA)

VA's duty to notify was satisfied by a letter in May 2010. See 38 U.S.C.A. §§ 5102, 5103, 5103A (West 2014); 38 C.F.R. § 3.159 (2015); See Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015). 

In Bryant v. Shinseki, 23 Vet. App. 488 (2010), the Court held that 38 C.F.R. § 3.103(c)(2) requires a Veterans Law Judge who conducts a hearing to fulfill two duties: (1) to fully explain the issues and (2) to suggest the submission of evidence that may have been overlooked and that might be potentially advantageous to the claimant's position. During the October 2012 hearing, the undersigned identified the issue and explained what is needed to substantiate the claim.

The Veteran's service treatment records (STRs) are associated with his record, and VA has obtained pertinent records he has identified. The RO has complied substantially with the April 2014 remand directives. See Stegall v. West, 11 Vet. App. 268 (1998). Notably, a June 2014 letter asked the Veteran to identify any private providers of treatment he received for a low back disability since his discharge from service (specifically records beginning in 1980 through 1981), and to submit authorizations for VA to secure records of such treatment and all records pertaining to work related injuries from 1995 or 1996. He did not respond. Accordingly, the Board will assume that such records either do not exist or that existing records do not support his claim. 

The Board acknowledges that no medical opinion was sought regarding the Veteran's assertion that his low back disability was incurred or aggravated by an in service injury. As discussed in more detail below, there is no competent (medical) evidence suggesting there may be a link between such disability and an injury during service. Consequently, a VA medical opinion to address the possibility of such etiology is not necessary. McLendon v. Nicholson, 20 Vet. App. 79 (2006); see also Waters v. Shinseki, 601 F.3d 1274, 1278(2010) (mere conclusory generalized lay statement that service event or illness caused the claimant's current condition is insufficient to require an examination). VA's duty to assist is met. 

Service connection may be granted for disability due to disease or injury incurred in or aggravated by active military service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303. Service connection may be granted for a disease initially diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38. C.F.R. § 3.303(d).

To substantiate a claim of service connection, there must be evidence of: (1) a current claimed disability; (2) incurrence or aggravation of a disease or injury in service; and (3) a nexus between the disease or injury in service and the current disability. See Shedden v. Principi, 281 F.3d 1163, 1166-67 (Fed. Cir. 2004). The determination as to whether these requirements are met is based on an analysis of all the evidence of record and an evaluation of its credibility and probative value. Baldwin v. West, 13 Vet. App. 1 (1999); 38 C.F.R. § 3.303(a). 

Certain chronic diseases (to include arthritis) may be service-connected on a presumptive basis if manifested to a compensable degree within a specified period of time postservice (one year for arthritis). 38 U.S.C.A. § 1112; 38 C.F.R. §§ 3.307, 3.309.

Competent lay evidence means any evidence not requiring that the proponent have specialized education, training, or experience. Lay evidence is competent if it is provided by a person who has knowledge of facts or circumstances and conveys matters that can be observed and described by a layperson. 38 C.F.R. § 3.159 (a)(2). Lay evidence may be competent evidence to establish incurrence. See Davidson v. Shinseki, 581 F.3d 1313 (Fed, Cir. 2009). However, competent medical evidence is necessary where the determinative question is one requiring medical knowledge. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). 

When there is an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter, the benefit of the doubt in resolving each such issue shall be given to the claimant. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102. When all of the evidence is assembled, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the veteran prevailing in either event, or whether a fair preponderance of the evidence is against the claim, in which case the claim is denied. Gilbert v. Derwinski, 1 Vet. App. 49, 55 (1990).

Factual Background 

The Board notes that it has reviewed all of the evidence in the Veteran's record, with an emphasis on the evidence relevant to this appeal. Although the Board has an obligation to provide reasons and bases supporting its decision, there is no need to discuss, in detail, every piece of evidence of record. Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000). Hence, the Board will summarize the relevant evidence as deemed appropriate and the Board's analysis will focus specifically on what the evidence shows, or fails to show, as to the claims.

The Veteran's STRs show that in a May 1969 report of medical history on service entrance, he reported recurrent back pain and a "bruised back muscle". It was noted in the physician's summary that he had a mild lumbar sprain with "no sequelae or recurrence". The Veteran's spine was normal on May 1969 entrance examination clinical evaluation. His STRs are silent for back problems, and his service separation examination is silent for back complaints or pathology.

The earliest postservice clinical record pertaining to low back disability in the record is an April 2009 chiropractic record which notes complaints of low back pain radiating to the Veteran's waist. He reported that he had back pain for years and that the cause was unknown. Chiropractic records from 2009 to the present show complaints of numbness (April 2009), spasms and pain which radiates to the left gluteal area (January 2013). In March 2013 degenerative disc disease (DJD) L5-S1 with foraminal encroachment was diagnosed; the etiology of the disability was not noted. 

At the October 2012 Travel Board hearing before the undersigned, the Veteran testified that he injured his back in service when he was pulled into a bomb shelter. He related that following service he received chiropractic treatment for his back beginning in the 1980s (as was noted above, he did not respond to VA's request to identify the providers of, or submit authorization for VA to secure records of, such treatment. 

Analysis 

It is not in dispute that the Veteran now has a low back disability (treatment records show a diagnosis of lumbosacral DDD). What remains to be established to substantiate this claim is that such disability is etiologically related to his service. A low back disability was not manifested in service. While a history of a pre-service sprain was noted on service entrance examination, it was also noted that it resolved without sequelae. His STRs are silent regarding back complaints, and on service separation examination clinical evaluation of the spine was normal. There is no evidence in the record that thoracolumbar arthritis was manifested in the first postservice year. Consequently, service connection for a low back disability on the basis that such disability became manifest in service and persisted or on a presumptive basis (for arthritis of the spine as a chronic disease under 38 U.S.C.A. § 1112) is not warranted. 
While service connection for arthritis of the spine may be established by showing continuity of symptomatology (see 38 C.F.R. § 3.303(b; Walker v. Shinseki, 708 F 3d 1331 (Fed. Cir. 2013)), continuity of low back symptomatology is simply not shown. The earliest postservice clinical record pertaining to the low back in the record is dated in April 2009 (more than 38 years after service). While the Veteran has reported earlier treatment in the 1980's, there is no documentation of such treatment [the Veteran has not responded to VA's request for identification of the treatment providers and authorizations for VA to secure their records, and the Board assumes that records of such treatment either do not exist or do not support this claim]. Regardless, chiropractic treatment in 1980/1981 (reported at the October 2012 hearing before the undersigned) would still leave an approximately 9 year postservice interval during which continuity of low back is not shown; and there is likewise no evidence of continuity of low back symptomatology between the 1980's and 2009. Accordingly, the preponderance of the evidence is against this claim based on continuity of symptomatology theory of entitlement under 38 C.F.R. § 3.303 (b).
The record does not include any competent evidence that relates the Veteran's current back disability to his service (and in the absence of a related disease, injury, or event in service, the record provides no basis for seeking a medical opinion regarding a nexus between the current back disability and service). The Veteran has not submitted any medical opinion or treatise evidence in support of his claim. He has not presented any affirmative evidence of a relationship between his low back disability and his service, and none is suggested by the record. The etiology of a low back disability (without evidence of a directly related injury) is a medical question, and it requires medical expertise. See Jandreau v. Nicholson, 492 F 3d 1372, 1377 (Fed. Cir. 2007). The Veteran is a layperson, and his own opinion in this matter has no probative value. 
In summary, the record does not show a low back injury in service; does not show that a low back disability was manifested in service; does not show that arthritis of the low back was manifested in the first postservice year; does not show continuity of low back symptomatology; and does not show that that the Veteran's current low back disability is etiologically related to his service. The preponderance of the evidence is against this claim. Accordingly, the appeal in this matter must be denied.


ORDER

Service connection for a low back disability is denied. 


____________________________________________
George R. Senyk 
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs