﻿Citation Nr: AXXXXXXXX
Decision Date: 07/25/19 Archive Date: 07/25/19

DOCKET NO. 190318-6372
DATE: July 25, 2019

ORDER

Service connection for leukemia is denied. 

Service connection for prostate cancer is denied.

Service connection for skin cancer is denied.

Service connection for multiple myeloma is denied.

Service connection for skin infections, including chronic staphylococcus (staph) and methicillin-resistant staphylococcus aureus (MRSA), is denied.

FINDINGS OF FACT

1. The preponderance of the evidence is against a finding that the Veteran participated in a radiation-risk activity or was otherwise exposed to ionizing radiation during service. 

2. The preponderance of the evidence is against a finding that the Veteran’s leukemia was incurred in or caused by service or manifested within one year of discharge from service. 

 

3. The preponderance of the evidence is against a finding that the Veteran’s prostate cancer was incurred in or caused by service or manifested within one year of discharge from service. 

4. The preponderance of the evidence is against a finding that the Veteran’s skin cancer was incurred in or caused by service or manifested within one year of discharge from service. 

5. The evidence of record does not show that the Veteran has multiple myeloma.

6. The preponderance of the evidence is against a finding that the Veteran’s skin infections, including chronic staph and MRSA, were incurred in or caused by service or caused or aggravated by a service-connected disability.

CONCLUSIONS OF LAW

1. The criteria for establishing entitlement to service connection for leukemia have not been met. 38 U.S.C. §§ 1110, 1131, 5107 (2012); 38 C.F.R. §§ 3.303, 3.307, 3.309, 3.311 (2018).

2. The criteria for establishing entitlement to service connection for prostate cancer have not been met. 38 U.S.C. §§ 1110, 1131, 5107 (2012); 38 C.F.R. §§ 3.303, 3.307, 3.309, 3.311 (2018).

3. The criteria for establishing entitlement to service connection for skin cancer have not been met. 38 U.S.C. §§ 1110, 1131, 5107 (2012); 38 C.F.R. §§ 3.303, 3.307, 3.309, 3.311 (2018).

4. The criteria for establishing entitlement to service connection for multiple myeloma have not been met. 38 U.S.C. §§ 1110, 1131, 5107 (2012); 38 C.F.R. §§ 3.303, 3.309, 3.311 (2018).

5. The criteria for establishing entitlement to service connection for skin infections, including chronic staph and MRSA, have not been met. 38 U.S.C. §§ 1110, 1131, 5107 (2012); 38 C.F.R. §§ 3.303, 3.310 (2018).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from May 1946 to December 1951. This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a September 2017 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO).

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. The Veteran selected the Higher-Level Review lane and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

Service Connection

Service connection may be established for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303. Generally, to prove service connection, there must be competent, credible evidence of (1) a current disability, (2) in-service incurrence or aggravation of an injury or disease, and (3) a nexus, or link, between the current disability and the in-service disease or injury. See, e.g., Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009). Service connection may also be established for a disability which is proximately due to or the result of a service-connected disability. 38 C.F.R. 3.310(a).

Where a veteran served continuously for 90 days or more during a period of war, or during peacetime service after December 31, 1946, and certain chronic diseases, including leukemia and malignant tumors, manifest to a degree of 10 percent within one year from date of termination of such service, such disease shall be presumed to have been incurred in service, even though there is no evidence of such disease during the period of service. This presumption is rebuttable by affirmative evidence to the contrary. 38 U.S.C. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309. 

Service connection for a disorder which is claimed to be attributable to radiation exposure during service can be accomplished in three different ways. Ramey v. Brown, 9 Vet. App. 40 (1996). First, certain diseases, including leukemia and multiple myeloma, may be presumptively service connected if manifest in a radiation-exposed Veteran. 38 U.S.C. § 1112(c); 38 C.F.R. § 3.309(d). A “radiation-exposed” Veteran is one who participated in a radiation-risk activity. A “radiation-risk activity” includes the onsite participation in a test involving the atmospheric detonation of a nuclear device; the occupation of Hiroshima or Nagasaki by United States forces during the period beginning on August 6, 1945, and ending on July 1, 1946; or the presence at certain specified sites. 38 C.F.R. § 3.309(d)(3). The term “occupation of Hiroshima or Nagasaki, Japan, by United States forces” means official military duties within 10 miles of the city limits of either Hiroshima or Nagasaki, Japan, which were required to perform or support military occupation functions such as occupation of territory, control of the population, stabilization of the government, demilitarization of the Japanese military, rehabilitation of the infrastructure or deactivation and conversion of war plants or materials. 38 C.F.R. § 3.309(d)(3)(vi). In applying this statutory presumption, there is no requirement for documenting the level of radiation exposure.

Second, other “radiogenic” diseases, including prostate cancer or any other cancer, which become manifest within a certain period of time after service in a radiation-exposed Veteran, may also be service-connected if the VA Under Secretary for Benefits determines that they are related to ionizing radiation exposure while in service, or if they are otherwise linked medically to ionizing radiation exposure while in service. 38 C.F.R. § 3.311(b)(2). Other claimed diseases may be considered radiogenic if the claimant has cited or submitted competent scientific or medical evidence that supports that finding. 38 C.F.R. § 3.311(b)(4).

Third, direct service connection can be established by showing that the claimed disability was incurred during or aggravated by service, a task which includes the burden of tracing causation to a condition or event during service. Combee v. Brown, 34 F.3d 1039, 1043 (Fed. Cir. 1994).

As an initial matter, the Board notes that the Veteran’s service treatment records and complete personnel file are not available and are presumed to have been destroyed in a fire at the National Personnel Records Center (NPRC) in 1973. The Board acknowledges its heightened duty “to consider the applicability of the benefit of the doubt rule, to assist the claimant in developing the claim, and to explain its decision” when service treatment records are lost or missing. See Cromer v. Nicholson, 19 Vet. App. 215, 217-18 (2005) (citing Russo v. Brown, 9 Vet. App. 46, 51 (1996)); see also Cuevas v. Principi, 3 Vet. App. 542, 548 (1992) and O’Hare v. Derwinski, 1 Vet. App. 365, 367 (1991). However, no presumption, either in favor of the claimant or against VA arises when there are lost or missing service records. See Cromer, 19 Vet. App. at 217-18 (Court declined to apply an “adverse presumption” against VA where records had been lost or destroyed while in Government control because bad faith or negligent destruction of the documents had not been shown).

The Veteran asserts that most of his claimed disabilities were caused by radiation exposure during the post-war occupation of Japan. In an October 2017 written statement, the Veteran indicated that when he arrived in Japan in 1946, his company slept in tents in the mud for about two months before moving into an old school in Yokohama. He further indicated that all of the natives wore masks or towels over their faces to protect themselves from radiation; however, his company did not receive any sort of protection. 

Service personnel records show that the Veteran received the Army of Occupation Medal (Japan). However, the Veteran’s Enlisted Record and Report of Separation shows that he departed for APTO (Asiatic-Pacific Theater of Operations) on August 21, 1946, and arrived on September 21, 1946, where he remained until February 15, 1947. Thus, despite having served in Japan after World War II, the Veteran’s period of service began after the presumptive period for the occupation of Hiroshima or Nagasaki, as defined by VA regulations. Moreover, the Veteran has not asserted, and the record does not suggest, that he participated any other radiation-risk activities outlined in 38 C.F.R. § 3.309(d)(3), and there is no evidence of record showing that he was otherwise exposed to ionizing radiation during service. Based on the foregoing, the Board finds that the preponderance of the evidence is against a finding that the Veteran was exposed to ionizing radiation during service. 

The Board also acknowledges that VA has not obtained medical opinions with respect to the Veteran’s service connection claims. However, there is no probative evidence of an in-service event, injury, or disease or competent evidence suggesting a possible association between the Veteran’s claimed disabilities and service or a service-connected disability. Therefore, VA medical opinions are not required. See 38 C.F.R. § 3.159(c); see also McLendon v. Nicholson, 20 Vet. App. 79, 84 (2006); Waters v. Shinseki, 601 F.3d 1274, 1278 (Fed. Cir. 2010) (noting that a conclusory lay statement that a current condition is related to service is insufficient to warrant a medical examination because it would “eliminate the carefully drafted statutory standards governing the provision of medical examinations and require the Secretary to provide such examinations in virtually every veteran’s disability case”). 

1. Entitlement to service connection for leukemia.

Upon review of the record, the Board finds that the preponderance of the evidence is against a finding that the Veteran’s leukemia was incurred in or caused by service. The Veteran does not assert that his leukemia began during service or manifested within one year of discharge from service. Indeed, a May 2017 VA examination report shows that the Veteran was diagnosed with chronic lymphocytic leukemia (CLL) in 2011. Although leukemia is among the disabilities presumptively related to radiation exposure, as found above, the probative evidence of record does not demonstrate that the Veteran was exposed to ionizing radiation during service. Moreover, there is otherwise no competent evidence indicating that the Veteran’s leukemia is related to service. 

Although the Veteran believes that his leukemia is related to service, as a lay person, he has not shown that he has specialized training sufficient to render such an opinion. See Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007) (noting general competence to testify as to symptoms but not to provide medical diagnosis or etiology). In this regard, the diagnosis and etiology of leukemia are matters not capable of lay observation and require medical expertise to determine. Thus, the opinion of the Veteran regarding the etiology of his leukemia is not competent medical evidence. 

2. Entitlement to service connection for prostate cancer.

Upon review of the record, the Board finds that the preponderance of the evidence is against a finding that the Veteran’s prostate cancer was incurred in or caused by service. The Veteran does not assert that his prostate cancer began during service or manifested within one year of discharge from service. Indeed, a May 2017 VA examination report shows that the Veteran was diagnosed with prostate cancer in 2009. Although prostate cancer is a radiogenic disease, as found above, the probative evidence of record does not demonstrate that the Veteran was exposed to ionizing radiation during service. Moreover, there is otherwise no competent evidence indicating that the Veteran’s prostate cancer is related to service. 

Although the Veteran believes that his prostate cancer is related to service, as a lay person, he has not shown that he has specialized training sufficient to render such an opinion. See Jandreau v, 492 F.3d at 1376-77. In this regard, the diagnosis and etiology of prostate cancer are matters not capable of lay observation and require medical expertise to determine. Thus, the opinion of the Veteran regarding the etiology of his prostate cancer is not competent medical evidence. 

 

3. Entitlement ot service connection for skin cancer.

Upon review of the record, the Board finds that the preponderance of the evidence is against a finding that the Veteran’s skin cancer was incurred in or caused by service. The Veteran does not assert that his skin cancer began during service or manifested within one year of discharge from service. Indeed, a May 2017 VA examination report shows that the Veteran was diagnosed with squamous cell carcinoma in November 2016. Although cancer is a radiogenic disease, as found above, the probative evidence of record does not demonstrate that the Veteran was exposed to ionizing radiation during service. Moreover, there is otherwise no competent evidence indicating that the Veteran’s skin cancer is related to service.

Although the Veteran believes that his skin cancer is related to service, as a lay person, he has not shown that he has specialized training sufficient to render such an opinion. See Jandreau v, 492 F.3d at 1376-77. In this regard, the diagnosis and etiology of skin cancer are matters not capable of lay observation and require medical expertise to determine. Thus, the opinion of the Veteran regarding the etiology of his skin cancer is not competent medical evidence. 

4. Entitlement to service connection for multiple myeloma.

Upon review, the Board finds that the evidence of record does not show that the Veteran has multiple myeloma. A review of the Veteran’s VA treatment records reveals no treatment for or diagnosis of multiple myeloma. Moreover, a VA examiner who evaluated the Veteran in May 2017 reviewed the evidence of record and indicated that the Veteran did not have multiple myeloma. Congress specifically limits entitlement for service-connected disease or injury to cases where such incidents have resulted in a disability. See 38 U.S.C. §§ 1110; 1131. In the absence of proof of present disability there can be no valid claim. Brammer, 3 Vet. App. at 225; see also Degmetich, 104 F.3d at 1332 (38 U.S.C. § 1131 requires existence of present disability for VA compensation purposes); see also Wamhoff, 8 Vet. App. at 521. Accordingly, service connection for multiple myeloma is denied.

5. Entitlement to service connection for skin infections, including chronic staph and MRSA.

The Veteran asserts that he contracted MRSA secondary to his leukemia. Upon review of the record, the Board finds that the preponderance of the evidence is against a finding that the Veteran’s skin infections were incurred in or caused by service or caused or aggravated by a service-connected disability. 

The Veteran does not assert, and the record does not suggest, that his skin infections began during service. Indeed, the record shows that he was treated for MRSA in 2015 and for another skin infection in 2016. The Veteran underwent a VA examination in May 2017 pursuant to his service connection claim for leukemia, during which the examiner indicated that the Veteran had recurring skin infections, which were attributable to conditions, complications, or residuals of treatment for a hematologic or lymphatic disorder. However, as service connection is not in effect for leukemia or any other hematologic or lymphatic disorder, service connection is not warranted on a secondary basis. 

(Continued on the next page)

 

While the Board is sympathetic to the Veteran’s contentions, the evidence of record shows that he served in Japan after the presumptive period for the occupation of Hiroshima or Nagasaki, as defined by VA regulations, and there is no evidence of record showing that he was otherwise exposed to ionizing radiation during service. In reaching this decision, the Board considered the doctrine of reasonable doubt; however, as the preponderance of the evidence is against the claims, the doctrine is not for application. See Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

 

K. A. BANFIELD

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD C. Banister, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.