﻿Citation Nr: AXXXXXXXX
Decision Date: 06/16/20 Archive Date: 06/16/20

DOCKET NO. 190909-48637
DATE: June 16, 2020

ORDER

Entitlement to service connection for a right knee condition is denied. 

Entitlement to service connection for a left hip condition is denied. 

Entitlement to service connection for a right hip condition is denied. 

REMANDED

Entitlement to service connection for kidney disease is remanded. 

Entitlement to service connection for an acquired psychiatric disability is remanded.

FINDINGS OF FACT

1. The Veteran does not have a current right knee disability.

2. The Veteran’s left hip condition is not attributable to service. 

3. The Veteran’s right hip condition is not attributable to service. 

CONCLUSIONS OF LAW

1. The criteria for service connection for right knee condition have not been met. 38 U.S.C. §§ 1110, 1131, 5107(b); 38 C.F.R. §§ 3.102, 3.303.

2. The criteria for service connection for left hip condition have not been met. 38 U.S.C. §§ 1110, 1131, 5107(b); 38 C.F.R. §§ 3.102, 3.303.

3. The criteria for service connection for right hip condition have not been met. 38 U.S.C. §§ 1110, 1131, 5107(b); 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from June 1995 to June 1999 and from September 2017 to August 2018. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. 

The rating decision on appeal was issued in June 2019. In July 2019 the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2 (d)). He selected the Direct Review lane without a Board hearing when he opted-in to the Appeals Modernization Act (AMA) review system by submitting a September 2019 VA Form 10182 (Decision Review Request: Board (Notice of Disagreement (NOD)). The Board’s current review is limited to the evidence of record at the time of the Agency of Original Jurisdiction’s (AOJ’s) June 2019 rating decision. Evidence received since the June 2019 rating decision that will not be considered include VA treatment records and November 2019 VA knee examination report. 

The Veteran’s claim for service connection for depression has been recharacterized to a claim for service connection for an acquired psychiatric disability. See Clemons v. Shinseki, 23 Vet. App. 1 (2009). 

Service Connection

A Veteran is entitled to VA disability compensation if there is a disability resulting from personal injury suffered or disease contracted in the line of duty in active service, or for aggravation of a preexisting injury suffered or disease contracted in the line of duty in active service. 38 U.S.C. §§ 1110, 1131.

Generally, to establish a right to compensation for a present disability, a veteran must show: (1) a present disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service, the so-called “nexus” requirement. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Service connection may be granted for any disease diagnosed after discharge, when all of the evidence, including that pertinent to service, establishes that a disease was incurred in service. 38 C.F.R. § 3.303(d). 

1. Right knee

The Veteran contends that he was diagnosed with a right knee disability within one year of service separation. See April 2020 Appellant’s Brief. 

While there are credible complaints of the condition noted during the course of this claim, the medical evidence does not reflect a current clinical diagnosis for a right knee disability. In this regard, an October 2013 VA primary care note indicated that physical examination revealed the Veteran had grossly normal strength and sensation in both legs and normal knee reflexes bilaterally. Further, the Veteran was afforded a June 2019 VA knee examination and he did not have a right knee diagnosis and instead, had normal range of motion of the right knee on initial and repetitive-use testing. He did not have evidence of pain with weight-bearing. There was no pain noted on examination. There was no objective evidence of localized tenderness or pain on palpitation of the joint or associated soft tissue. There was no objective evidence of crepitus. As such, the Board finds that the Veteran does not have a current diagnosis, and no current disability, pertaining to a right knee condition. 

In coming to this conclusion, the Board is mindful of Saunders v. Wilkie in which the Federal Circuit explained that where pain alone results in functional impairment that affects earning capacity, even if there is no identified underlying diagnosis, it can constitute a disability. See Saunders, No. 2017-1466, 2018 U.S. App. LEXIS 8467 (Fed. Cir. Apr. 3, 2018). However, the evidence does not support and neither the Veteran nor his representative have alleged right knee functional impairment that affects earning capacity due to his alleged right knee condition. 

Based on the foregoing, the Board does not find that the Veteran’s condition rises to the level of a disability under Saunders.

In the absence of proof of a present disability, there can be no valid claim for service connection. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). There is no doubt to be resolved; service connection for right knee condition is not warranted.

2. Left hip and right hip

The Veteran contends that he was diagnosed with left hip and right hip conditions within one year of separation from service. See April 2020 Appellant’s Brief.

The Veteran has diagnosed bilateral hip arthralgia. See February 2014 VA treatment note. 

However, the record does not support that the Veteran has a disease, injury, or event in-service that may have caused or aggravated his bilateral hip arthralgia. In this regard, service treatment records (STRs) do not support that the Veteran had complaints, diagnosis, or treatment for left and/or right hip in service. Significantly, STRs include a June 1994 report of medical examination at enlistment, which indicated that the Veteran had normal lower extremities and normal spine and other musculoskeletal findings upon clinical evaluation. A January 1999 report of medical examination indicated that the Veteran had normal lower extremities and normal spine and other musculoskeletal findings upon clinical evaluation. On a January 1999 report of medical history at separation, the Veteran reported that he is presently in good health and did not now have nor has he ever had broken bones; arthritis, bursitis, or rheumatism; and/or bone, joint, or other deformity. 

Here, the evidentiary record does not support an in-service disease, injury, or event suggestive of a left hip and/or right hip disability. As such, a VA examination is not needed. See Waters v. Shinseki, 601 F.3d 1274, 1277-88 (Fed. Cir. 2010).

To the extent that the Veteran has asserted that his left hip and/or right hip condition is related to service, the evidence first documents a hip diagnosis over 10 years after service separation. Significantly, a February 2014 VA treatment note indicated the Veteran’s hip arthralgia was due to postural change. Further, there is no indication that the Veteran possesses the requisite medical knowledge, experience, or education to render a probative opinion involving medical causation. See Layno v. Brown, 6 Vet. App. 465 (1994). Consequently, his statements regarding the etiology of his bilateral hips are insufficient to establish a nexus to service. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); see also Layno v. Brown, 6 Vet. App. 465, 470-472 (1994).

Based on this evidentiary posture, the Board concludes that the preponderance of the evidence is against the Veteran’s claims for service connection for left hip and/or right hip conditions. As the preponderance of the evidence is against the claims for service connection, the benefit-of-the-doubt rule does not apply, and the Veteran’s claims for service connection for left hip and right hip conditions are denied. See 38 U.S.C. § 5107.

REASONS FOR REMAND

1. Kidney disease 

The Board finds that the AOJ committed a pre-decisional duty to assist error by failing to provide the Veteran a VA examination in connection with his claim for kidney condition. Significantly, review of the record reveals that in an October 2018 VA examinations request form, the AOJ indicated that the Veteran was to be scheduled for a VA kidney disease examination; however, to date a VA kidney condition examination report is not of record and it does not appear the Veteran was provided a VA kidney condition examination. The Board finds that a VA examination is necessary to determine whether the Veteran meets the criteria for service connection for kidney condition. McClendon v. Nicholson, 20 Vet. App. 79 (2006). 

2. Acquired psychiatric disability

A September 2013 VA treatment record indicated the Veteran had Axis I diagnoses of depressive disorder and PTSD, non-combat related. A September 2013 VA treatment record indicated the Veteran had Axis I diagnoses of depression, NOS and rule out “r/o” PTSD. 

In an April 2014 PTSD stressor statement, the Veteran reported that he was exposed to a man pointing a gun at him while on gate duty. An October 2014 Formal Findings of a Lack of Information Required to Corroborate Stressor(s) associated with a claim for service connection for PTSD determined that the information required to corroborate the stressful events described by the Veteran is insufficient to send to the U.S. Army joint Services Records Research (JSRRC) and/or insufficient to allow for meaningful research of the Marine Corps or National Archives and Records Administration (NARA). All procedures to obtain the needed information have been exhausted and any further attempts would be futile. 

The Veteran was afforded a May 2019 VA psychiatric examination and the examiner determined that the Veteran does not now have and nor has he ever been diagnosed with a mental disorder(s). 

The Board finds that the AOJ committed a pre-decisional duty to assist error by failing to provide the Veteran with an adequate VA psychiatric examination in connection with his claim for acquired psychiatric disability. Significantly, the May 2019 VA psychiatric examiner determined that the Veteran does not now have and nor has he ever been diagnosed with a mental disorder(s). However, the Board notes that a September 2013 VA treatment record indicated the Veteran had Axis I diagnoses of depression, NOS and rule out “r/o” PTSD. Further, a September 2013 VA treatment record indicated the Veteran had Axis I diagnoses of depressive disorder and PTSD, non-combat related. In light of this evidence, the Board finds the May 2019 VA examiner did not adequately address the Veteran’s psychiatric diagnoses of record. The Board finds that a new VA examination is necessary to determine whether the Veteran meets the criteria for service connection an acquired psychiatric disability. McClendon v. Nicholson, 20 Vet. App. 79 (2006). 

The matters are REMANDED for the following action:

1. Schedule the Veteran for an examination to determine the nature and etiology of any current kidney disability. The Veteran’s claims file, including a copy of this remand, must be made available to and reviewed by the examiner. The examiner should address the following:

(a) Indicate whether the Veteran has a current kidney disability. 

(b) For any identified kidney disability, the examiner must opine whether it is at least as likely as not that the Veteran’s kidney disability, is related to an in-service injury, event, or disease.

2. Then, the Veteran should be afforded a VA psychiatric examination. The Veteran’s claims file, including a copy of this remand, must be made available to and reviewed by the examiner. The examiner should address the following:

(a) Identify all psychiatric disabilities present, to include whether the Veteran has diagnosed depressive disorder and PTSD. 

(b) If PTSD is diagnosed, the examiner should specifically determine whether it is at least as likely as not (a 50 percent or greater possibility) that the Veteran’s PTSD is related to his military service. If a diagnosis of PTSD is deemed appropriate, the examiner must explain how the diagnostic criteria of the DSM-5 are met, to include identification of the specific stressor(s) underlying the diagnosis, and comment upon the link between the current symptomatology and the stressor(s). The examiner must state whether the claimed stressor(s) is adequate to support a diagnosis of PTSD. If a diagnosis of PTSD is not deemed appropriate, the examiner must specifically explain this finding in light of any previous diagnoses of PTSD of record. 

(c) For each psychiatric diagnosis provided other than PTSD, the examiner should opine as to whether it is at least as likely as not related to service or any incident in service. If a diagnosis of depressive disorder is not deemed appropriate, the examiner must specifically explain this finding in light of any previous diagnoses of record. 

 

N. RIPPEL

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. Schick, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.