﻿Citation Nr: AXXXXXXXX
Decision Date: 01/29/21 Archive Date: 01/29/21

DOCKET NO. 200313-74406
DATE: January 29, 2021

ORDER

Entitlement to service connection for a left foot disorder is denied.

Entitlement to service connection for a left knee disorder is denied.

Entitlement to service connection for a right knee disorder is denied.

Entitlement to service connection for chronic sinusitis is denied.

Entitlement to service connection for a back disorder is denied.

REMANDED

Entitlement to service connection for an eye disorder is remanded.

FINDINGS OF FACT

1. The preponderance of the evidence is against finding that the Veteran has had a clinical diagnosis of a left foot disorder at any time during the appeal.

2. The preponderance of the evidence is against finding that the Veteran has had a clinical diagnosis of a left knee disorder at any time during the appeal.

3. The preponderance of the evidence is against finding that the Veteran has had a current right knee disability for VA purposes any time during the appeal.

4. The preponderance of the evidence is against finding that the Veteran has had a clinical diagnosis of a sinus disorder at any time during the appeal.

5. The preponderance of the evidence is against finding that a back disorder began during active service or within a year of service discharge or is otherwise related to an in-service injury or disease.

CONCLUSIONS OF LAW

1. The criteria for service connection for a left foot disorder are not met. 38 U.S.C. §§ 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

2. The criteria for service connection for a left knee disorder are not met. 38 U.S.C. §§ 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

3. The criteria for service connection for a right knee disorder are not met. 38 U.S.C. §§ 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

4. The criteria for service connection for chronic sinusitis are not met. 38 U.S.C. §§ 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

5. The criteria for service connection for a back disorder are not met. 38 U.S.C. §§ 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

 

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active service in the Army from June 1981 to June 1984, with periods of reserve service thereafter.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for veterans dissatisfied with the VA’s decision on their claim to seek review.

The appeal originates from a July 2018 decision of a Department of Veterans Affairs (VA) Regional Office. A notice of disagreement with that decision was filed later that month. A statement of the case was provided to the Veteran in January 2020. In March 2020, the Veteran submitted two VA Forms 10182 (Decision Review Request: Board Appeal (Notice of Disagreement)) and elected direct review by a Veterans Law Judge without a hearing or submission of additional evidence.

The Board notes that the Veteran submitted additional medical evidence in February and May 2020 after the rating decision on appeal. As the Veteran selected the direct review option, the evidence cannot be considered for the purpose of this appeal.

1. Entitlement to service connection for a left foot disorder.

2. Entitlement to service connection for a left knee disorder.

3. Entitlement to service connection for a right knee disorder.

4. Entitlement to service connection for chronic sinusitis.

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active military, naval, or air service.  38 U.S.C. § 1131; 38 C.F.R. § 3.303(a).  Service connection may be granted for any disease initially diagnosed after service when all the evidence, including that pertinent to service, establishes that the disease was incurred in service.  38 C.F.R. § 3.303(d). Service connection for a disability requires evidence of: (1) a current disability; (2) a disease or injury in service, and; (3) a relationship or nexus between the current disability and any injury or disease during service.  Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004).  

Certain chronic diseases, such as arthritis, will be presumed related to service if they were shown as chronic in service; or, if they manifested to a compensable degree within a presumptive period following separation from service; or, if they were noted in service, with continuity of symptomatology since service that is attributable to the chronic disease.  38 U.S.C. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.303, 3.307, 3.309.  Walker v. Shinseki, 708 F.3d 1331, 1338 (Fed. Cir. 2013).

The Veteran claims service connection for left foot and left knee disorders without any further detail or explanation. He claims that he has had right knee pain since 1981. See March 2018 VA Examination. He similarly contends that he has had sinus problems since 1981. See March 2018 VA Examination. 

Service treatment records are silent for complaints, treatment, or diagnosis of a left foot disorder. With respect to the knees, the Veteran was seen for right knee swelling after a basketball injury in 1982 and diagnosed with mild knee pain. He was treated for left knee pain and swelling without history of injury in 1983 and diagnosed with muscle strain. As to the sinuses, he was treated for sore throat and runny nose in 1982 and diagnosed with sinusitis. 

The Veteran waived his separation examination. However, in March 1985, April 1989, February 1991, and November 1996 post-service reports of medical history, he denied a history of swollen or painful joints, arthritis, bone, joint or other deformity, foot trouble, or “trick” or locked knee. The feet and knees were evaluated as normal at those times. 

Regarding sinusitis, the Veteran denied having sinusitis in March 1985, April 1989, and February 1991 reports of medical history. The sinuses were evaluated as normal at those times. In a November 1996 report of medical history, he indicated that he had a history of sinusitis. A contemporaneous examination revealed normal sinuses and indicated that sinusitis was “ok.”

Review of medical treatment records does not reflect any current diagnosis of left foot or left knee disorders, but they show treatment for right knee pain in 2018 and an impression of chronic right knee pain. Post-service treatment records note a history of treatment for sinus problems beginning in approximately 2004 with notations of sinusitis and allergic rhinitis thereafter. See March 2018 Medical Treatment Record. The Veteran underwent surgery for a deviated septum that year and was treated until 2007. A June 2007 medical treatment record suggests that sinusitis resolved. Current medical treatment records do not indicate complaints, treatment, or diagnosis of a sinus disorder.

The Veteran was afforded VA examinations for the foot and knees in March 2018. At the foot examination, he denied having a foot problem. Though he described pain, popping, and cracking, the examiner noted that these complaints were in reference to the ankles. The examiner was unable to diagnose a left foot disorder and found no evidence in the record of any foot condition or diagnosis. 

As to the knees, the Veteran described right knee pain, stiffness, and swelling, but no left knee symptoms. The examination revealed right knee pain without resulting functional loss, but no left knee pain. X-ray imaging of the knees was normal. The examiner found no functional impact from the knees and was unable to diagnose a knee disorder.

The Veteran was also afforded a VA sinus examination in March 2018. He reported symptoms of nasal congestion, headaches, and clear nasal drainage with an antihistamine used for treatment. The examiner found that there was no evidence in the record documenting acute or chronic sinusitis and did not render a diagnosis. In a separate opinion, the examiner described only “subjective” symptoms and found no objective evidence to diagnose a chronic condition.

Service connection may only be granted for a current disability; when a claimed condition is not shown, there may be no grant of service connection. See 38 U.S.C. § 1131; Rabideau v. Derwinski, 2 Vet. App. 141 (1992). In the absence of proof of a present disability, there can be no valid claim for service connection. See Degmetich v. Brown, 104 F.3d 1328 (1997); Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). The requirement that a current disability be present is satisfied when a claimant has a disability at the time a claim for VA disability compensation is filed or during the pendency of that claim, even if the disability resolves prior to the adjudication of the claim. See McClain v. Nicholson, 21 Vet. App. 319 (2007).

The preponderance of the evidence fails to establish a clinical diagnosis of left foot, left knee, or sinus disorders. The record contains no evidence of diagnosed left foot or left knee disorders. Indeed, the Veteran himself denied having foot problems and did not describe left knee symptoms. Though he had a history of sinus problems after service, the record and objective examination does not reflect any current diagnosis or chronic symptoms related thereto. The examiner reviewed the record and considered the examination results and lay reporting in determining that the evidence did not support a diagnosis of a left foot, left knee, or sinus disorder.

There is also some question as to the credibility of the sinus symptoms reported at the examination. The Veteran was seen at VA to establish care approximately 10 days after the examination. For medications, he reported none prescribed and did not specify any antihistamine. He indicated that he had a remote history of sinus surgery but did not report any recent history of symptoms. Despite offering many other complaints, he did not describe sinus symptoms and physical evaluation was negative for a sinus disorder. The Board finds that this reporting is more credible than that of the examination, as the former was offered for the purpose of treatment.

With respect to the right knee, it is true that the record indicates right knee pain with stiffness and swelling in 2018. The Veteran also reported these symptoms at the examination. However, there is no indication of functional impairment of earning capacity due to right knee pain and the other symptoms. The examiner specifically noted that right knee pain did not result in functional loss and that there was no functional impact from the right knee. Therefore, the facts of this appeal are distinguishable from those of Saunders v. Wilkie, 886 F.3d 1356 (Fed. Cir. 2018), and the Veteran’s right knee pain with associated symptoms cannot be construed as a current disability for VA purposes.

 

The Board notes that the examiner did not explicitly address the 2018 notation of chronic right knee pain in finding that there was not a current right knee disorder. However, given that the examiner reviewed the record, noted the Veteran’s right knee symptoms, and accounted for pain in the objective testing, further clarification is unnecessary. In the absence of evidence of current left foot, left knee, right knee, and sinus disorders, the claims must be denied.

5. Entitlement to service connection for a back disorder.

The Veteran claims service connection for a back disorder without more. VA treatment records indicate an impression of lower lumbar spondylosis in March 2018. Element (1) of Shedden is met.

With respect to elements (2) and (3) of Shedden, i.e., an in-service injury or disease, service treatment records are silent for complaints, treatment, or diagnosis of a back disorder. In March 1985, April 1989, February 1991, and November 1996 reports of medical history, the Veteran denied a history of swollen or painful joints, arthritis, bone, joint or other deformity, or recurrent back pain. The back was evaluated as normal at those times. There is likewise no evidence that arthritis manifested within a year of his service discharge; rather, it was diagnosed more than three decades later. 

VA treatment records from 2018 show that the Veteran reported years of back pain and having such pain in the Army. It is unclear whether this refers to his active or reserve service. A private treatment record from 2017 indicates that back pain developed, at earliest, two decades after service. See March 2018 Medical Treatment Record. Such is consistent with the Veteran’s reporting during reserve service in which he repeatedly denied recurrent back pain.

There is no evidence linking a back disorder to an in-service injury or disease. The Veteran neither asserts that the condition had its onset in active service or within a year of discharge and has not offered any evidence, lay or otherwise, to support his contention that this condition is related to service. In the absence of any evidence of an in-service injury or disease relating to the Veteran's claim, the claim must be denied.

The Board notes that the Veteran was not afforded a VA examination nor was an opinion obtained for his back disorder; however, an examination is not warranted as the duty to assist has not been triggered. See McLendon v. Nicholson, 20 Vet. App. 79 (2006); 38 C.F.R. § 3.159(c)(4). Although McLendon sets a low bar, that bar has not been met here as there is no indication of a link between the Veteran's current condition and his active service. The only evidence of a possible connection between the Veteran's disability and his service are his own broad and conclusory statements that the condition is related to service, and such statements are not sufficient to trigger VA's obligation to obtain an examination or opinion. See Waters v. Shinseki, 601 F.3d 1274, 1278-79 (Fed. Cir. 2010) (holding that conclusory lay assertion of nexus is insufficient to entitle claimant to provision of VA medical examination).

REASONS FOR REMAND

Entitlement to service connection for an eye disorder is remanded.

The Veteran claims service connection for an eye disorder without more. He was afforded a VA examination in March 2018 and diagnosed with bilateral presbyopia and cataract. In a separate opinion, the examiner found that an eye disorder was not related to service and offered a rationale of “age related.” The examiner did not address the in-service notations of treatment for the left eye in 1982 and the right eye in 1983. This constitutes a pre-decisional error requiring remand for an addendum opinion.

The matter is REMANDED for the following action:

Request an addendum opinion from the March 2018 eye examiner. The examiner is asked to opine whether it is at least as likely as not that an eye disorder had its onset in or is otherwise etiologically related to active service. The 

 

examiner must address the service treatment records showing treatment for the left and right eyes during active service.

 

 

MICHAEL A. HERMAN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. Alhinnawi

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.